Gerald B. WALDRON, individually and doing busines as Consolidated Brokerage, Plaintiff,

v.

BRITISH PETROLEUM CO., Ltd., Cities Service Co., Socony Mobil Oil Co., Inc., Standard Oil Co. of California, Standard Oil Co. (New Jersey), Texaco Inc., Defendants.

United States District Court
S. D. New York.
Sept. 8, 1965.

---

Casey, Lane & Mittendorf, New York City, for plaintiff; Samuel M. Lane and Robert W. Sweet, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Cities Service Co.; Simon H. Rifkind and Edward N. Costikyan, New York City, of counsel.

Milton Pollack, New York City, for defendant British Petroleum Co., Limited; Donovan, Leisure, Newton & Irvine, New York City, George Leisure, James M. MacNee, III, and James R. Withrow, Jr., New York City, of counsel.

Nixon, Mudge, Rose, Guthrie & Alexander, New York City, for defendant Socony Mobile Oil Co., Inc.; Goldthwaite H. Dorr and Robert R. Thornton, New York City, of counsel.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant Standard Oil Co. of California; William M. Sayre, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant Standard Oil Co. (New Jersey); Arthur H. Dean and Roy H. Steyer, New York City, of counsel.

James O. Sullivan, and Paul B. Wells, New York City, for defendant Texaco Inc.; Paul B. Wells, New York City, of counsel.

HERLANDS, District Judge:

The court has before it two motions. The first is the renewal of a motion by defendant Cities Service Co.—initially made in 1960—for summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure on the ground that plaintiff has failed, in his affidavits, to "set forth specific facts showing that there is a genuine issue for trial."

The second motion is by plaintiff [1] for further discovery, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

The relevant facts were detailed and analyzed by this court at an earlier stage of this litigation. Waldron v. British Petroleum Co., 231 F.Supp. 72 (S.D.N.Y. 1964). The facts will now be reiterated only to the extent necessary for the disposition of the motions at bar.

Defendant Cities Service Co. (hereinafter Cities) first moved for summary judgment on April 8, 1960. In a memorandum opinion by this court, filed March 30, 1961, Cities' motion was adjourned for the purpose of enabling plaintiff to conduct limited pre-trial discovery. At that time, this court said:

1. It is doubtful in the extreme whether plaintiff has shown that there is a genuine issue as to any material fact with respect to his claim against the defendant Cities Service Co.

2. The naming of Cities Service Co. as a defendant herein when the complaint was drawn was based only on suspicion and on a gossamer inference drawn from the mere sequence of events.

3. But for the prevailing strict policy in this circuit with respect to the invocation of the summary judgment procedure, the court would have granted the motion. This court has examined virtually every reported summary judgment decision rendered in this circuit since Arnstein v. Porter, 154 F.2d 464 (2d Cir. 1946), over one thousand in number. The rationale and philosophy of Arnstein v. Porter have not been attenuated by the subsequent course of decisions.

---

1. On February 9, 1965, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, Patricia Waldron was substituted in her capacity as executrix of the last will and testament of the deceased plaintiff, Gerald B. Waldron, as plaintiff in this action.

4. In view of (a) the surface complexity of the case, (b) the indirect law enforcement aspects of even this private antitrust case, (c) the very extensive pre-trial examinations of the plaintiff already conducted by the defendants and the complete absence of any pre-trial examination of any defendant by the plaintiff—it would appear to be fair to postpone a decision of the summary judgment motion and to afford the plaintiff an opportunity to engage in appropriately supervised discovery and related pre-trial proceedings.

5. Because of plaintiff's claim against the defendant Cities Service Co. is, judged by the entire available record, so insubstantial, the plaintiff will not be given carte blanche authority to conduct untrammeled pretrial proceedings. Such proceedings will be closely regulated. The usual Federal rule permitting fishing expeditions will be curtailed. A just and workable balance will be maintained between the respective interests of the opposing parties.

Following plaintiff's exhausting the discovery permitted pursuant to an order filed May 4, 1961,—limiting plaintiff to the examination of George H. Hill, Jr. —Cities again renewed its motion for summary judgment on May 13, 1963. At that time, plaintiff also moved for further discovery under Rule 56(f).

In deciding the 1963 renewal of Cities' motion for summary judgment, the court no longer was to be controlled by the rather restrictive interpretation of Rule 56 articulated by this circuit in Arnstein v. Porter, supra. Instead, the court was to be guided by two recent developments with respect to Rule 56, which had taken place since the March 30, 1961 decision herein.

▮ The first development was the amendment to Rule 56(e), effective July 1, 1963. Although the central target of the amendment was to overcome a judi-

cial gloss placed upon Rule 56 in the Third Circuit which had impaired the utility of the summary judgment device, 6 Moore, Federal Practice 149 (1964 Supp.), the amendment was also aimed at the line of decisions in the Second Circuit, following Arnstein v. Porter, which reflected a strict policy toward the granting of summary judgment. See Wright, Rule 56(e): A Case Study On The Need For Amending The Federal Rules, 69 Harv.L.Rev. 839, 856 (1956); United States v. Manufacturers Casualty Ins. Co., 158 F.Supp. 319, 321 (S.D.N.Y. 1957); Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 134 F.Supp. 4, 5 (N.D.N.Y.1955), aff'd 233 F.2d 9 (2d Cir. 1956).

The second development was exemplified by the decision in Dressler v. MV Sandpiper, 331 F.2d 130 (2d Cir. 1964). In that case the court of appeals, in an opinion written by Judge Kaufman, undertook to resolve any doubt as to the effect of the 1963 amendment on the Second Circuit doctrine that had evolved from Arnstein v. Porter.

Judge Kaufman first made it clear that the amendment was aimed at changing the rule in this circuit as well as that of the Third Circuit. He then formulated, at 133, the criterion to be applied under the amendment in passing upon a motion for summary judgment:

> If the present case were to be decided under Civil Rule 56 as amended, it would thus seem clear that respondent's vague and conclusory allegations * * * would not be sufficient to forestall the award of summary judgment. The highly general assertions of * * * [the] answer * * *, buttressed by no *specific facts* or *evidentiary data,* are hardly the sort of *concrete particulars* which the amendments sought to require. [Emphasis added.]

Recent cases in this circuit which have reversed the granting of summary judgment have not manifested any deviation

from the standards enunciated in Dressler. See United States v. Fair & Co., 342 F.2d 383, 385 (2d Cir. 1965); Miller v. General Outdoor Advertising Co., 337 F.2d 944, 948 (2d Cir. 1964). For example, the court stated in Miller, at 948:

> We do not, by our disposition of this case, weaken the force of our recent holdings that the summary judgment procedure should be used to pierce the allegations of pleadings and screen out sham issues of fact. See, e. g., Dressler v. MV Sandpiper * * *.

In an opinion, reported 231 F.Supp. at 72, this court, in order to enable plaintiff to meet, if possible, the new demands of Rule 56(e), further adjourned Cities' motion and granted plaintiff's motion for further discovery, permitting examination of Burl S. Watson, A. P. Frame, and J. E. Heston. In allowing this further discovery, the court stated, at 94:

> Since plaintiff must—if he is to oppose successfully Cities Service's summary judgment—eventually submit "specific facts" which "would be admissible in evidence" [Rule 56 (e)], plaintiff should be given another opportunity to conduct pretrial discovery.

Plaintiff has now completed the examinations of Watson, Frame and Heston. Cities again renews its motion for summary judgment.

The single issue before the court relating to Cities' motion for summary judgment is whether plaintiff's discovery has unearthed a "genuine issue [of fact] for trial" where nothing had existed before but "suspicion" and "gossamer inference drawn from the mere sequence of events."

The sequence of events to which plaintiff points as the basis of linking Cities with the alleged conspiracy is that in August, 1952, W. Alton Jones, president of Cities, allegedly expressing great interest in the prospects of reactivating Iranian oil, flew to Iran to confer with Dr. M. Mossadegh, the prime minister of Iran. Then,

> in late September, 1952, Jones returned to the United States. He appeared to have suffered a complete change of heart and mind. He refused to have any further dealings with plaintiff. Ostensibly he lost all interest in purchasing or managing Iranian oil [231 F.Supp. at 79–80].

Plaintiff attributes this "change of heart and mind" to the fact that somewhere between late August and early September, 1952, Cities joined the alleged conspiracy. Plaintiff earlier speculated that the alleged incentive for Cities to join the conspiracy was the promise of a contract between Cities and Gulf Oil Co. for oil from Kuwait, signed shortly after the above-noted events, or an opportunity advanced to Cities by the other defendants to participate in the oil consortium formed several years after the above-noted events.

The examinations of Watson, Frame and Heston have not produced any evidence from which a trier of fact would be permitted to infer that the Kuwait oil contract and participation by Cities in the consortium were consideration for Cities' allegedly dropping its interest in Iranian oil and joining the alleged conspiracy against plaintiff. On the contrary, the record, as it now stands, conclusively establishes that both the Kuwait contract and participation in the consortium had no connection whatever with the course of Cities' conduct with regard to Iranian oil.

Plaintiff's major premise throughout this litigation with regard to Cities has been that, for some reason, Cities did a complete turnabout with respect to its interest in Iranian oil. Not only has the evidence thus far adduced demonstrated that the alleged turnabout was not motivated for the reasons originally advanced by plaintif, but the evidence has brought into serious doubt the existence of the major premise itself—a turnabout or

change in attitude. Rather, the evidence persuasively demonstrates a consistent course of conduct by Cities with regard to Iranian oil at all times.

■ Granting, however, arguendo, that there is an issue of fact as to whether Cities inexplicably changed its mind about Iranian oil, such an issue is insufficient as a matter of law to constitute a "genuine issue for trial." From a possible inference that there was an unexplained change of mind on Cities' part, a trier of fact would not be permitted to draw the further inference that the change of mind was caused by a conspiratorial connection between Cities and the alleged co-conspirators.

■ The crucial facts which plaintiff must produce in order to survive Cities' motion for summary judgment are evidentiary data tending to prove that Cities became a party to the alleged conspiracy. These evidentiary data have not been forthcoming. Even the "gossamer inference" that existed in 1961 has become attenuated into nothingness as a result of the pre-trial record developed during the last four years.

Plaintiff has been permitted to examine all of those persons, still living, who accompanied Jones to Iran in August, 1952 and who would be able to link Jones' activities at that time with the alleged conspiracy.

The examinations, however, have done no such thing. Plaintiff maintains, however, that—so long as there is the slightest question as to Jones' motive in allegedly abandoning his interest in Iranian oil—there is a material issue of fact remaining to be tried and, hence, that defendant's motion for summary judgment must be denied.

In so arguing, plaintiff relies heavily on Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). Although Poller antedates the 1963 amendment to Rule 56(e) of the Federal Rules of Civil Procedure, it is unnecessary for the disposition of the present case to determine whether the result in Poller would have been the same after the 1963 amendment.

The facts in Poller, simplified for purposes of the present motion, are as follows. Plaintiff owned a broadcasting station in Milwaukee, affiliated with the Columbia Broadcasting System (CBS) network. Plaintiff claimed that, as part of a conspiracy to drive plaintiff out of the Milwaukee broadcasting market, CBS purchased the plaintiff's only competitor in Milwaukee and then cancelled its (CBS's) affiliation agreement with plaintiff (pursuant to an option clause in the affiliation agreement), ultimately causing plaintiff, no longer able to compete, to liquidate at distress prices.

The *only* question was whether CBS's purchase of plaintiff's competitor and cancellation of the affiliation agreement was for an illegal purpose or motivated by legitimate business judgment. The facts of purchase, cancellation and their having directly caused injury to plaintiff were not disputed.

In holding that the granting of summary judgment was improper in Poller, the court stated, at 473, 82 S.Ct. at 491:

> We believe that summary procedures should be used sparingly in complex antitrust litigation where motive and intent play leading roles, the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot. It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised. Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of "even handed justice."

Plaintiff also relies upon Cross v. United States, 336 F.2d 431 (2d Cir. 1964), a decision which post-dates the 1963 amendment to Rule 56(e). In that case, as in Poller, the district court's granting of summary judgment was reversed as "particularly inappropriate

where 'the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.'" But in Cross, as in Poller, the *only* issue was to determine the purpose or motivation behind certain undisputed acts.

Plaintiff's argument (authority for which it relies upon Poller, Cross, and other similar cases) is essentially this: if plaintiff can raise an issue of fact as to whether a defendant who has been, independently of plaintiff, pursuing a course of conduct harmonious with that of plaintiff—and incidentally inconsistent with that of a conspiracy directed against plaintiff—, reversed that course of conduct so that it then became inconsistent with plaintiff's interests and consistent with those of the conspiracy, then plaintiff has an action for conspiracy against that defendant which is immune against a motion for summary judgment.

In all of those cases relied upon by plaintiff, however, where the credibility of witnesses was in issue, all that stood between plaintiff and a victorious verdict was a favorable determination by the fact trier of the sole issue of credibility.

■ However, in the present case, the issue of credibility (if there be one) is whether Cities did change its attitude toward Iranian oil. If, arguendo, the jury should find that there was a switch in Cities' attitude, such a finding—without further evidence linking Cities to the alleged conspiracy and the alleged injury to plaintiff—would be insufficient as a matter of law to support a verdict in plaintiff's favor.

·On that evidence alone Cities would be entitled to a directed verdict at a trial. It is now entitled to summary judgment. Schwartz v. Associated Musicians of Greater N. Y., Local 802, 340 F.2d 228 (2d Cir. 1964); Dressler v. MV Sandpiper, supra; Scolnick v. Lefkowitz, 329 F.2d 716 (2d Cir.), cert. denied, 379 U.S. 825, 85 S.Ct. 49, 13 L.Ed.2d 35 (1964).

Although the court has determined that there is not a "genuine issue for trial" and that Cities is thus entitled to summary judgment, the court will enter summary judgment only "if appropriate." Fed.R.Civ.P. 56(e).

The next question, therefore, is whether summary judgment dismissing the complaint against Cities is to be entered now or whether Cities' motion for summary judgment is to be again postponed in order to grant plaintiff further discovery under Rule 56(f). See Kaplan, Amendments of the Federal Rules of Civil Procedure, 1961–1963 (II), 77 Harv.L.Rev. 801, 826–27 (1964).

■■ In view of the dual policies of favoring private antitrust actions, see, e. g., J. I. Case Co. v. Borak, 377 U.S. 426, 432–433, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964); Monarch Life Ins. Co. v. Loyal Protective Life Ins. Co., 326 F.2d 841, 845, 846 n. 2 (2d Cir. 1963), cert. denied, 376 U.S. 952, 84 S.Ct. 968, 11 L.Ed.2d 971 (1964), and of protecting a plaintiff's right to his day in court, this court has heretofore granted plaintiff's motions under Rule 56(f). See the earlier decision of this court in this litigation, 231 F.Supp. at 94.

■■ In so doing, the court has been equally aware of a countervailing policy against the undue harassment of a litigant through a spurious law suit. A defendant, no less than a plaintiff, is entitled to the equal protection of the court.

■ The case against Cities has gone far enough. More than five years have elapsed since Cities first made this motion for summary judgment. Plaintiff has had ample time and opportunity to discover and present "concrete particulars" demonstrating that there is a genuine issue for trial. At this late day plaintiff still cannot point to "specific facts or evidentiary data." Dressler v. MV Sandpiper, supra, 331 F.2d at 133. The court "is convinced to a legal certainty" that plaintiff has no case against Cities. Cf. Arnold v. Troccoli, 344 F.2d 842, 845 (2d Cir. 1965).

Defendant Cities' motion for summary judgment dismissing the complaint as to it is hereby granted.

Plaintiff's motion for further discovery under Rule 56(f) is hereby denied.

So ordered.