Patricia **WALDRON**, as Executrix of the Last Will and Testament of Gerald B. Waldron, deceased, Plaintiff-Appellant,

v.

**CITIES SERVICE CO.**, Defendant-Appellee.

No. 376, Docket 30144.

United States Court of Appeals Second Circuit.

Argued May 13, 1966. .

Decided June 6, 1966.

Samuel M. Lane, New York City (Alan R. Wentzel, and Casey, Lane & Mittendorf, New York City, on the brief), for plaintiff-appellant.

Simon H. Rifkind, New York City (Edward N. Costikyan, Leonard M. Marks and Paul, Weiss, Rifkind, Wharton & Garrison, New York City, on the brief), for defendant-appellee.

Before WATERMAN, ANDERSON and FEINBERG, Circuit Judges.

ANDERSON, Circuit Judge.

This is an appeal from a final order of the District Court for the Southern District of New York granting a motion for summary judgment made by the defendant Cities Service Co. and denying the plaintiff Waldron's[1] motion under F.R. Civ.P. 56(b) for further discovery. Cities Service was one of seven major oil companies named as defendants in this treble damages action brought on June 11, 1956 pursuant to § 4 of the Clayton Act, 15 U.S.C. § 15 (1964 ed.). Stated in general terms, the suit concerns plaintiff's claim that, because of the conspiracy of Cities Service and the other defendants, he was prevented from exploiting his contract for the importation and sale of Iranian oil. The rather involved facts will not be recited here as they have been stated fully and with great care by Judge Herlands in two reported opinions. See, Waldron v. British Petroleum Co., 231 F.Supp. 72 (S.D.N.Y.1964) and Waldron v. British Petroleum Co., 38 F.R.D. 170 (S.D.N.Y.1965) (the decision here appealed from).

We have no question that the order below is appealable. Cities Service was the only party moving for summary judgment, and the court, in conformity with F.R.Civ.P. 54(b), entered an order dismissing the complaint against it. Thus the order is in every sense a final disposition of the suit against Cities Service and is appealable, 28 U.S.C. § 1291 (1964 ed.); and there is no reason why this appeal should be withheld during the pendency of the suits against the six remaining defendants, which may not be fully disposed of for several years.

Turning to the merits, we are convinced that as the record now stands the grant of summary judgment to the defendant was proper. After nine years in the district court it is plain that the plaintiff has not established the existence of any "genuine issue as to any material fact." F.R.Civ.P. 56(c); see, F.R.Civ.P. 56(e). Indeed, the record is barren of any facts which would support the existence of a claim against Cities Service. Dressler v. MV Sandpiper, 331 F.2d 130 (2d Cir. 1964).

While Judge Herlands did restrict the scope of discovery we do not think that he abused his discretion. At various times during this litigation the plaintiff advanced several divergent theories of his case by which he sought to

---

[1] Plaintiff died after the suit was commenced and his widow as executrix has been substituted as plaintiff. For convenience we refer to plaintiff as if the decedent were still alive.

link Cities Service to the alleged conspiracy. First it was his theory that Cities Service was "rewarded" by the others for breaking off negotiations with him concerning Iranian oil. The rewards were said to have been a favorable long term contract for the supply of Kuwait crude oil, and a participation share in the Iranian Oil Consortium. Later plaintiff abandoned that theory and adopted the hypothesis that evidence of a sudden loss of interest by Cities Service in Iranian oil during the later months of 1952 proved that Cities Service had joined with the alleged conspirators. Still later, after having discarded that theory, the plaintiff based his action on the claim that Cities Service interfered with his attempts to sell Iranian oil to the Richfield Oil Company.

Following extensive discovery by Waldron under the Kuwait and Consortium theories, Cities Service first moved for summary judgment on April 8, 1960, but the trial court adjourned the motion and granted Waldron further limited discovery. Plaintiff examined Cities Service's employee who had been in charge of the Kuwait and Consortium transactions. After this additional discovery had been completed Cities Service renewed its motion on May 13, 1963. The complaint was then amended to drop the specific Kuwait and Consortium charges and the plaintiff proceeded instead upon a more general allegation of conspiracy. The court again adjourned decision on the motion to permit still further discovery through the examination of several principal officers of Cities Service in order that plaintiff might have an opportunity to look for some support for his "loss of interest" theory. This included discovery of a good deal of additional correspondence. Discovery was also permitted relative to sales of Iranian oil to the Richfield Oil Company. On October 16, 1964 Cities Service again renewed its motion, and the court finally granted summary judgment in September, 1965. Despite these more than ample opportunities to develop a basis for his action, plaintiff has been unable to do so, and has failed to demon-

strate the existence of any genuine issue of fact. The court quite properly denied the Rule 56(f) motion for further discovery by which plaintiff sought to engage in still another "fishing expedition" in the hope that he could come up with some tenable cause of action.

We are not unmindful that private anti-trust suits to some extent cast the plaintiff in the role of a "private attorney general" and that such suits are favored, see, e. g., Lawlor v. National Screen Service Corp., 349 U.S. 322, 329, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); cf. J. I. Case Co. v. Borak, 377 U.S. 426, 432–433, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). Even so, it is apparent in this case that Waldron was given ample opportunity and scope in his shifting programs of discovery. The plaintiff, as a "private attorney general" may not seek indefinitely, within the period of limitations, to use the process to find evidence in support of a mere "hunch" or "suspicion" of a cause of action.

The judgment of the District Court is affirmed.