**BERNE STREET ENTERPRISES, INC.,**
Plaintiff,

v.

**AMERICAN EXPORT ISBRANDTSEN COMPANY, Inc., Isbrandtsen Company, Inc., Jakob Isbrandtsen, Albert E. Rising, Jr., Peter L. Keane, Matthew S. Crinkley, John M. Will and the New York Stock Exchange, Defendants.**

No. 67 Civ. 4411.

United States District Court
S. D. New York.

Aug. 12, 1968.

Saul S. Goldman, New York City, for plaintiff; Lewis Weinstock, William B. Freilich, LaBrum & Doak, Philadelphia, Pa., of counsel.

Lord, Day & Lord, New York City, for defendants; Leonard S. Leaman, Edwin R. Alley, New York City, of counsel.

## OPINION

HERLANDS, District Judge:

All defendants except Matthew S. Crinkley and The New York Stock Exchange have moved, pursuant to Rules 9(b), 12(b) and 56 of the Federal Rules of Civil Procedure, for an order dismissing the complaint for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment. Defendants have presented to the Court "matters outside the pleadings" in support of their motion. Accordingly, the Court will treat the motion as one for summary judgment. Fed.R.Civ.P. 12(b) (6); Siegel v. First Pennsylvania Banking & Trust Co., 201 F.Supp. 664, 665 (E.D.Pa.1961); Weitzen v. Kearns, 271 F.Supp. 616, 618 (S.D.N.Y.1967). See generally 2A Moore, Federal Practice ¶ 12.09 (2d ed. 1968). Moreover, on oral argument, counsel for the moving defendants took the position that the motion was essentially one for summary judgment.

Plaintiff, the beneficial owner of 1200 shares of common stock of American Export Isbrandtsen Lines, Inc. ("Lines") commenced this action

against the individual and corporate defendants charging violations of the Federal Securities Acts and New York state law. Jurisdiction is predicated on diversity of citizenship as well as on the Securities Acts.

The complaint charges that defendants Jakob Isbrandtsen and Albert E. Rising, Jr. controlled approximately 53% of the stock of Lines and, therefore, dominated its affairs. In order to extend their control to other companies by utilizing the assets of Lines, a new company, American Export Isbrandtsen Company, Inc. ("Export"), was formed. By prospectus dated December 10, 1964, Export made an exchange offer to the stockholders of Lines of one share of common stock and one quarter share of preferred stock of Export for each share of the common stock of Lines. The exchange offer was to become effective on acceptance by holders of 80% of the stock of Lines (27% of the total outstanding shares in addition to the 53% controlled by defendants), at which time the stock of Lines would be delisted by the New York Stock Exchange. Because delisting of the shares of Lines would deprive Lines' stockholders of any ready market and would adversely affect the market value of these shares, the exchange offer had "the effect of coercing minority shareholders" into acceptance. Holders of more than 95% of the outstanding shares of Lines accepted the offer; and the stock of Lines was delisted by the New York Stock Exchange.

On April 8, 1966, Export offered to purchase any remaining shares of Lines at a price of $50.00 per share—a price "substantially less than the market value of Lines shares immediately prior to the exchange offer." (Complaint, p. 6.)

Plaintiff's shares were not exchanged along with other shares amounting to a total of approximately 2% of the outstanding common stock of Lines before the offer was made.

Plaintiff asserts that defendants' acts, the prospectus issued in connection with the exchange offer, and the cash offer of April 8, 1966 were "manipulative, deceptive and misleading" in violation of Sections 12(a) and 17 of the Securities Act of 1933, 15 U.S.C. §§ 77l and 77q and Sections 10 and 29 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j and 78cc and Rule X–10(b)–5 of the Securities and Exchange Commission because: (1) they were intended to and did coerce the shareholders of Lines to accept the exchange offer; (2) they were intended to and did depress the market value of the stock held by all shareholders who did not accept the exchange offer by depriving them of a ready market; and (3) the prospectus contained false and misleading statements and also failed to disclose certain allegedly material facts.

According to the complaint, defendants' acts "constituted a fraud on the rights of the minority shareholders of Lines" and were "coercive and a violation of the fiduciary obligations owed to said minority shareholders by said individual defendants, as controlling persons of Lines. * * *" (Complaint, p. 9.)

Plaintiff asks the Court to determine the intrinsic value of stock it holds in Lines as of December 10, 1964 and as of the date of the filing of this suit and to order defendants to pay the higher of these values in exchange for plaintiff's surrender of these shares and $100,000 in exemplary damages. In addition, plaintiff seeks to enjoin the individual defendants from "attempting or consummating any further mergers, acquisitions, tenders or consolidations by the exercise of their control over [Export] until such time as the matter can be heard" and from "any further actions, through their control over [Export], which are in furtherance of their own self-interests and in disregard of the best interests of Lines and its minority shareholders." (Complaint, p. 14.)

◼ Defendants' motion for summary judgment is denied because it is premature. Plaintiff, not yet having had the opportunity for pre-trial discovery and inspection (see Affidavit of Philip Ro-

senkrantz, sworn to February 26, 1968), is unable to present by affidavit, "specific facts" which "would be admissible in evidence" (Fed.R.Civ.P. 56(e)) "essential to justify his [its] opposition" (Fed.R.Civ.P. 56(f)) to defendants' motion for summary judgment. Such discovery and inspection is necessary because most of the allegedly material facts are largely or exclusively in the possession of defendants.

Fed.R.Civ.P. 56(f) provides:

"When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Rule 56(f) is to be liberally construed. Waldron v. British Petroleum Co., 231 F.Supp. 72, 94 (S.D.N.Y. 1964). As Professor Kaplan has pointed out:

"Under rule 56(f) the adversary need not even present the proof creating the minimal doubt on the issue of fact which entitles him to a full trial; it is enough if he shows the circumstances which hamstring him in presenting the proof by affidavit in opposition to the motion."

B. Kaplan, Amendments of the Federal Rules of Civil Procedure, 1961–1963(II), 77 Harv.L.Rev. 801, 826 (1964).

In the present case, Fed.R.Civ.P. 56 (f) requires that plaintiff be afforded an opportunity to utilize the discovery devices provided by the Federal Rules of Civil Procedure. Krisel v. Duran, 258 F.Supp. 845, 861 (S.D.N.Y. 1966); Brand v. Tisch, 253 F.Supp. 122, 125–126 (S.D.N.Y. 1966); Waldron v. British Petroleum Co., supra, 231 F.Supp. at 94; Dombrovskis v. Esperdy, 185 F. Supp. 478, 484 (S.D.N.Y. 1960), aff'd on other grounds, 321 F.2d 463 (2d Cir. 1963); Peckham v. Ronrico Corp., 7 F. R.D. 324, 330–331 (D.P.R. 1947), rev'd

on other grounds, 171 F.2d 653 (1st Cir. 1948). See generally 6 Moore, Federal Practice ¶ 56.24 (2d ed. 1966).

Defendants' motion for summary judgment is, therefore, denied without prejudice to renewal after plaintiff shall have had a fair and reasonable opportunity to conduct appropriate pre-trial discovery and inspection. These discovery procedures should be undertaken with all deliberate speed.

Settle order on notice in accordance with the views expressed herein. The order to be settled shall fix a timetable for discovery proceedings.