**HARLEM RIVER CONSUMERS COOPERATIVE, INC., Plaintiff,**

v.

**ASSOCIATED GROCERS OF HARLEM, INC., et al., Defendants.**

No. 70–Civ. 4128.

United States District Court,
S. D. New York.

Sept. 27, 1971.

Cora T. Walker, New York City, for plaintiff, by Fred Sonnenfeld, Young & Sonnenfeld, New York City, of counsel.

Roberto Lebron, New York City, for defendant Fedco Foods Corporation, by Robert A. Katz, New York City, of counsel.

Unterberg & Unterberg, New York City, for defendant Associated Food Stores, Inc., by Stanley Bierman, New York City, of counsel.

CROAKE, District Judge.

## MEMORANDUM

Defendants, Associated Food Stores, Inc. ("Associated") and Fedco Foods, Inc. ("Fedco") brought on separate motions pursuant to Federal Rules of Civil Procedure 12(b) and 56 to dismiss plaintiff's complaint or, in the alternative, to grant summary judgment to each. As both defendants have submitted "matters outside the pleadings" in support of their respective motions, the Court will consider, herein, both motions as calling for summary judgment. Fed. R.Civ.P. 12(b) (6); Klein v. Spear, Leeds & Kellogg, 306 F.Supp. 743 (S.D. N.Y.1969); Berne Street Enterprises, Inc. v. American Export Isbrandtsen Co., 289 F.Supp. 195 (S.D.N.Y.1968); Weitzen v. Kearns, 271 F.Supp. 616 (S. D.N.Y.1967). See generally 2A Moore, Fed.Practice ¶ 12.09 (2d ed. 1968).

These motions stem from a suit, commenced on September 23, 1970, sounding in antitrust. Plaintiff, Harlem River Consumers Cooperative, Inc. ("Harlem River") asserts an illegal conspiracy in restraint of trade by approximately forty-five defendants, including the present moving parties, who, it is alleged, deal in marketing grocery and food products in the Harlem community area within the city of New York (as defined in plaintiff's complaint, para. 19). In particular, plaintiff alleges violations of the Sherman Act §§ 1, 2 (15 U.S.C. §§ 1, 2) and the Clayton Act §§ 1, 2, 3 (15 U.S. C. §§ 12, 13, 14), as well as alleging tor-

tious interference in restraint of trade under the doctrine of pendent jurisdiction. Judge Mansfield has given a thorough recital of the facts in his November 12, 1970 decision granting a preliminary injunction against so-called "core defendants."

The controlling issue of the Associated motion is whether it has demonstrated conclusively that the facts alleged by plaintiff are "not susceptible" of an interpretation that might give rise to an inference of conspiracy. Adickes v. S. H. Kress & Co., 398 U.S. 144, 160, 90 S. Ct. 1598, 26 L.Ed.2d 142 (1970); *Cf.* First National Bank of Arizona v. Cities Service, 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). The Court finds that defendant, Associated, has not met its burden.

For convenience of pleading, plaintiff categorized three types of defendants: Manufacturer-Distributors, Defendant-Competitors, and Core Defendants. Defendant, Associated, asserts that both fact and law establish that plaintiff had no basis upon which to identify Associated as a Defendant-Competitor. Associated contends that it is engaged in the wholesale distribution of food and therefore cannot be considered competitor to a store engaged in the sale of food at retail.

As Associated, itself, notes, "In the food business, both at the retail and wholesale levels, sales volume is the basis of successful operations. Without these independents, Associated Food Stores, Inc. would have no customers and, therefore, no outlet for its merchandise." (Affidavit of Sol Chalek, April 12, 1971, para. 2). Associated argues that its foundation and success is predicated upon the successful competition of independents with corporate chains which presumably enforces the need for Associated's product.

However, it does not follow that it would be against Associated's best interest to stifle an independent retailer who, without the assistance of Associated,

could successfully compete with corporate chain stores. Plaintiff, Harlem River, a retail store independent of both corporate "chains" and the services of Associated, if successful, could cut into the volume of business formerly generated by competing stores serviced by Associated in and around the target area. This, in turn, would diminish outlets for Associated's services. Thus, though it may not be a "retailer" itself, the economic relationship between Associated and the retail food industry of Harlem is necessarily tightly woven.

Associated also claims that two prior decisions by this Court establish by *res judicata* that Associated is not a competitor of Harlem River. The first, a two-sentence endorsement signed on December 1, 1970, alleviated an apparent technical difficulty in service of defendant, Associated; the second, a memorandum, signed May 21, 1971, corrected a prior endorsement on defendant Fedco's motion to dismiss. Neither decision resolved the issue of Associated's alleged standing as competitor. In fact, the memorandum of May 21, 1970 makes explicit that the action of December 1, 1970 was not upon the merits.

■■■ Whether or not Associated is a competitor of Harlem River is still a very real issue, which neither past decisions nor papers submitted in the present action put to rest.

Defendant, Associated, relies on Waldron v. British Petroleum Co., 38 F.R.D. 170 (S.D.N.Y.1965), aff'd, 361 F.2d 671 (2d Cir. 1966), aff'd, sub nom, First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968), to represent the developing attitude of the Court, following the 1963 amendment to Fed.R.Civ.P. 56, to grant summary judgment in *actions*, including those predicated upon violations of the antitrust laws. *Cf.* Dressler v. MV Sandpiper, 331 F.2d 130, 132–133 (2d Cir. 1964) with United States v. United Scenic Artists Local 829, etc., 27 F.R.D. 499, 501–502 (S.D.N.Y.1961).

See generally, 6 Moore, Federal Practice ¶ 56.15[1.–02] (Supp.1970).

*Waldron, supra,* is an antitrust action, commenced in 1956, charging seven large oil companies, including Cities Service, with establishing a worldwide cartel and with conspiracy by boycott to frustrate plaintiff from taking advantage of his Iranian oil purchase agreement. The late Judge Herlands granted summary judgment to Cities Service after exhaustive pre-trial discovery extending over a period of more than four years demonstrated to a legal certainty that there was no "genuine issue of fact for trial." In similar fashion, other cases noted by defendant, Associated, as granting summary judgment in antitrust litigation were decided only after some form of pre-trial discovery was permitted. Billy Baxter, Inc. v. Coca-Cola Company, 47 F.R.D. 345 (S.D.N.Y.1969), aff'd 431 F.2d 183 (2d Cir. 1970), cert. denied, 401 U.S. 923, 91 S.Ct. 877, 27 L. Ed.2d 826; Seago v. North Carolina Theatres, Inc., 42 F.R.D. 627 (E.D.N.C. 1966), aff'd 388 F.2d 987 (4th Cir. 1967), cert. denied, 390 U.S. 959, 88 S.Ct. 1039, 19 L.Ed.2d 1153 (1968).

The Court is mindful that complex antitrust litigation is fertile ground from which difficult factual issues often grow. A defendant can have highly pertinent facts exclusively within his control, particularly in antitrust conspiracy action, which "hamstring [the adversary] in presenting proof by affidavit in opposition to the motion," making summary judgment inappropriate. B. Kaplan, Amendments of the Federal Rules of Civil Procedure, 1961–1963 (II), 77 Harv.L.Rev. 801, 825–828 (1964) quoted in Berne St. Enterprises Inc. v. American Export Isbrandtsen Company, Inc., 289 F.Supp. 195, 197 (1968) (Herlands, J.). *See also,* First National Bank of Arizona v. British Petroleum Co., 324 F.Supp. 1348, 1359–60 (1971) (Croake, J.).

■■■ *Accordingly, in the absence of* pre-trial discovery the present motion by

**694**

Associated under Fed.R.Civ.P. 56 is premature and is therefore denied.

In an independent motion, Fedco, a corporate entity engaged in the business of selling food and household goods at retail, admittedly owns and operates a retail food store located within the "Harlem Community," at 1718 Madison Avenue, New York, New York.

 Fedco asserts that its store in question is not in any proximity or contiguous to the business conducted by the plaintiff so as to create any competition with Harlem River. Fedco alleges plaintiff to have arbitrarily designated a "target area" encompassing a physical area unrelated to a discussion of the retail competitors of Harlem River, one retail store located at 255 Seventh Avenue, New York, New York.

The Fedco motion and accompanying papers delineate, rather than resolve, the need for further clarification and justification of plaintiff's designated relevant market, the Harlem Community (as defined in plaintiff's complaint, para. 19).

Fedco also argues that it is engaged purely in intrastate commerce, and as a matter of law, its business is not sufficient to affect interstate commerce. It is well known that a food retailer may easily involve itself in interstate commerce by the very nature of the produce in which it trades, a certain amount of which is necessarily being grown, packaged and transported in and through other states. The Court recognizing that "[t]rial by affidavit is no substitute for trial by jury," Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed. 2d 458 (1962) finds that Fedco has not conclusively supported its allegation at this time, as to intrastate commerce.

Finally, Fedco asserts, as had Associated above, that it has been identified improperly by plaintiff as a "Defendant-Competitor" in conspiracy against plaintiff. As with defendant, Associat-ed, the Court finds that defendant Fedco has not demonstrated conclusively that the facts alleged by plaintiff are "not susceptible" of an interpretation that might give rise to an inference of conspiracy.

It cannot be said at this time that Fedco is entitled to a judgment as a matter of law. It is apparent from Fedco's own papers that there remains a genuine issue of fact as to the "target area" as designated by plaintiff. The Fedco motion appears to be premature and is denied.

Accordingly, defendant Associated's motion, and defendant Fedco's motion are denied.

So ordered.