**In the Matter of Arbitration between DISTRICT 15, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO, Petitioner,**

**and**

**NUMBERALL STAMP AND TOOL CO., INC., Respondent.**

No. 85 Civ. 8561 (SWK).

United States District Court, S.D. New York.

April 16, 1987.

Vladek, Waldman, Elias & Engelhard, P.C., New York City by Glen Savits, Patricia McConnell, for petitioner.

Holzka, Donahue & Kuhn, P.C., Staten Island, N.Y. by Philip J. Mattina, for respondent.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This petition to confirm an arbitration award is brought under Section 9 of the United States Arbitration Act, 9 U.S.C. § 9, Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and 28 U.S.C. § 1331. This petition is presently before the Court on respondent's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, respondent's motion is denied.

## FACTS

The Numberall Stamp and Tool Company, Inc. ("Numberall-NY"), a New York corporation, operated a manufacturing facility on Staten Island in New York City for many years. Numberall-NY was party to a collective bargaining agreement with petitioner District 15, International Association of Machinists and Aerospace Workers, AFL–CIO ("District 15"), which was the exclusive bargaining representative for certain of Numberall-NY's employees.

In 1985, Numberall-NY removed essentially all of its production facilities to Maine ("Numberall-Maine"). Numberall-Maine is incorporated under the same corporate name in Maine. Only a manager and a utility man remained at Numberall-NY.

A dispute, subject to the grievance and arbitration procedure under the collective bargaining agreement, arose between District 15 and Numberall-NY over Numberall-NY's failure to pay severance pay to two employees and vacation pay to one of them after Numberall-NY transferred its operations to Maine. District 15 submitted the dispute to arbitration. On August 26, 1985, an arbitration award was made in favor of District 15. The arbitrator also determined that Numberall-NY had moved to a new location within the meaning of Article XXXV of the collective bargaining agreement.

Numberall-NY failed to comply with the award, and District 15 moved before this Court to confirm the award against Numberall-NY and Numberall-Maine, to which District 15 alleges all of Numberall-NY's assets were transferred. Numberall-NY has failed to appear in this proceeding. Numberall-Maine answered that it was not a proper party to the proceeding.

At a March 14, 1986 pretrial conference, the Court allowed petitioner to conduct discovery in order to obtain evidence in Numberall-Maine's exclusive control relative to Numberall-NY's relationship to Numberall-Maine. In April 1986, District 15 served its First Set of Interrogatories, a Request for Production of Documents and a Notice of Deposition. Shortly thereafter, Numberall-Maine moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, dismissing the petition to confirm the arbitration award as to Numberall-Maine on the ground that Numberall-Maine is a separate entity from Numberall-NY and was not a party to the collective bargaining agreement, the arbitration proceedings or the arbitration award.

## DISCUSSION

The standards to be applied by a district court in deciding a motion for summary judgment have been clearly articulated in this Circuit. It is axiomatic that a motion for summary judgment lies only when there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). In considering the motion, this Court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party. *Knight v. United States Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The movant may discharge this burden by demonstrating to the Court that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, — U.S. —, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The nonmoving party then has the burden of coming forward with "special facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), and must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of fact.

Numberall-Maine argues that, although there is no material dispute as to the fact that it was not a party to the arbitration proceedings and that it is a separate and distinct corporate entity from Numberall-NY, its connection, if any, to Numberall-NY is irrelevant because District 15's theory that Numberall-Maine is the alter ego of Numberall-NY—and that therefore its corporate veil may be pierced—is improperly brought before this Court under the Second Circuit's holding in *Orion Shipping & Trading Co. v. Eastern States Petroleum Corporation of Panama, S.A.*, 312 F.2d 299 (2d Cir.1963). In *Orion*, a case involving a contractual arbitration provision, the Second Circuit held that an action for confirmation of an arbitration award was not the proper time for a district court to determine whether liability on an "alter ego" theory was appropriate and that such an action is properly brought as a separate enforcement action against the alleged "alter ego". *Orion*, 312 F.2d at 301.

Numberall-Maine's reliance on *Orion* is misplaced, however, as that petition involved a contractual arbitration provision and not a collective bargaining agreement to which different rules apply. As the Supreme Court stated in *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 548–49, 84 S.Ct. 909, 913–14, 11 L.Ed.2d 898 (1964):

> We hold that the disappearance by merger of a corporate employer which has entered into a collective bargaining agreement with a union does not automatically terminate all rights of the employees covered by the agreement, and that, in appropriate circumstances, present here, the successor employer may be required to arbitrate with the union under the agreement.

This Court has in the past recognized the central role of arbitration in effectuating national labor policy. Thus, in *Warrior & Gulf Navigation Co., supra*, [363 U.S.] [574] at 578 [80 S.Ct. 1347, 1350, 4 L.Ed.2d 1409], arbitration was described as "the substitute for industrial strife" and as "part and parcel of the collective bargaining process itself." It would derogate from "the federal policy of settling labor disputes by arbitration," *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 [80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960)], if a change in the corporate structure or ownership of a business enterprise had the automatic consequence of removing a duty to arbitrate previously established; this is so as much in cases like the present, where the contracting employer disappears into another by merger, as in those in which one owner replaces another but the business entity remains the same.

Employees, and the union which represents them, ordinarily do not take part in negotiations leading to a change in corporate ownership. The negotiations will ordinarily not concern the well-being of the employees, whose advantage or disadvantage, potentially great, will inevitably be incidental to the main considerations. The objectives of national labor policy, reflected in established principles of federal law, require that the rightful prerogative of owners independently to rearrange their businesses and even eliminate themselves as employers be balanced by some protection to the employees from a sudden change in the employment relationship. The transition from one corporate organization to another will in most cases be eased and industrial strife avoided if employees' claims to be resolved by arbitration rather than by "the relative strength ... of the contending forces," *Warrior & Gulf, supra,* at 580 [80 S.Ct. at 1352]

*John Wiley & Sons,* 376 U.S. at 548–49, 84 S.Ct. at 914.

According to the Supreme Court's holding in *Wiley,* then, the issue of Numberall-NY's relationship to Numberall-Maine is properly before this Court on District 15's petition to confirm its arbitration award against Numberall-NY pursuant to its collective bargaining agreement.

█ Numberall-Maine proffers the affidavit of Paul Noble, the Assistant Treasurer of Numberall-Maine, which provides that the two corporations are not related, that there has never been commingling of working capital, profit or other funds, that there are substantial differences between the two corporations, and that the only interrelation of directors and officers of the two corporations is that the president of Numberall-Maine received some shares of Numberall-NY as a testamentary gift. Such conclusory and unsupported statements are insufficient to prevail in a motion for summary judgment. *See Celotex Corp. v. Catrett,* 106 S.Ct. at 2553.

Furthermore, District 15 also points out (1) that the exhibits to Noble's affidavit, which include a copy of Numberall-Maine's certificate of incorporation, indicate that Douglas Fritz, who was at least the manager of Numberall-NY, is also a shareholder, director and vice president of Numberall-Maine and (2) that a recent Dun & Bradstreet report on Numberall-Maine states that the Maine and New York corporations are affiliated through common officers.

█ Where, as here, the bulk of the evidence of Numberall-NY's relationship to Numberall-Maine is exclusively in the possession of these corporations, District 15 is entitled to discovery prior to a motion for summary judgment in order to demonstrate the merit of its claims. *Berne Street Enterprises, Inc. v. American Export Isbrandtsen Co.,* 289 F.Supp. 195 (S.D.N.Y.1968).

### CONCLUSIONS

Accordingly, Numberall-Maine's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied, and the parties are directed to proceed expeditiously with discovery on the issue of Numberall-Maine's and Numberall-NY's relationship. Numberall-Maine's request for attorneys' fees also is denied.

SO ORDERED.