Oscar C. LERWICK, Jr.,
Plaintiff–Appellant,

v.

Ralph E. KELSEY, Steven P. Krna and Ruth A. Smith, Defendants–Appellees,

Tioga State Bank, Defendant.

Docket No. 04–6210–CV.

United States Court of Appeals,
Second Circuit.

Sept. 30, 2005.

Michael A. Jacobs, Jacobs & Jacobs, Stamford, New York, for Plaintiff–Appellant.

Stephen D. Smyk, Smyk & Smyk, LLP, Binghamton, New York, for Defendants–Appellees.

Present: MINER, WESLEY, Circuit Judges, and RAKOFF, District Judge.[1]

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Plaintiff alleges that defendants violated the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et. seq.*, by engaging in acts of mail and wire fraud in furtherance of a conspiracy to (i) remove plaintiff as president of a mutual insurance company, and then (ii) convert the company to a stock company, so that (iii) the stock company could be taken over by Tioga State Bank for the benefit of the defendants. After conducting *de novo* review, we now affirm the district court's grant of summary judgment for defendants.

Plaintiff failed to establish at least two predicate acts that constitute a "pattern of racketeering activity." 18 U.S.C. § 1961(5). Plaintiff contends that defendants engaged in multiple acts of mail and wire fraud and conspired to defraud plaintiff and his company. Plaintiff, however, fails to provide any evidence demonstrating how defendants' statements or actions constitute *criminally-punishable* acts. *See United States v. Angelilli*, 660 F.2d 23, 34–35 (2d Cir.1981) (pointing out that "all of [RICO's predicate acts] are crimes under state or federal law"); *Equitable Life Assurance Soc'y of the United States v. Alexander Grant & Co.*, 627 F.Supp. 1023, 1027 (S.D.N.Y.1985) (noting that RICO's predicate acts are "defined in 18 U.S.C. § 1961 as acts 'indictable' or 'punishable' under various federal criminal statutes and acts 'chargeable' under certain state criminal laws").

For example, plaintiff alleges that his removal as president was the initial stratagem in the alleged conspiracy. However, as president of the company, plaintiff was an at-will employee who could be removed with or without cause. *See* N.Y. BUS. CORP. LAW § 716(a). (While plaintiff's counsel intimated at oral argument that there was a basis for inferring that plaintiff would hold his position as president for a period of one year, no evidence supporting this inference was adduced during motion practice.). Similarly, plaintiff alleges that the conversion of the company to a stock company was the next conspiratorial act. However, as even the plaintiff seems to concede, conversion of a cooperative insurance company to a stock company is not illegal. *See* N.Y. INS. LAW § 7307(b); *cf. Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308 (2d Cir.2003). Likewise, plaintiff alleges that, even if there is "nothing inherently unlawful about this plan," defendants have used "criminal means" (including mail and wire fraud) to accomplish it. However, as the district court noted, plaintiff fails to provide any evidence (besides allega-

---

**1.** The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

tions based on information and belief) of any false or fraudulent pretenses or representations as required for establishing a "scheme or artifice to defraud" under the mail and wire fraud statutes. 18 U.S.C. §§ 1341, 1343. As a result, because plaintiff failed to establish at least two predicate acts under RICO, the district court correctly dismissed plaintiff's claims.

■ Independently, the RICO claim is deficient because "an injury to business or property" is an essential element of a RICO claim, *DeFalco v. Bernas,* 244 F.3d 286, 305 (2d Cir.2001), and the only such injury that plaintiff alleges is his termination as president. As noted, *supra,* however, there was no cognizable evidence that he was anything other than an at-will employee.

■ The district court also did not commit error in denying plaintiff's cross-motion for discovery. "Recognizing the district court's broad discretion to direct and manage the pre-trial discovery process, we . . . review a district court's discovery rulings for abuse of discretion." *Wills v. Amerada Hess Corp.,* 379 F.3d 32, 41 (2d Cir.2004). Here, the District Court did not abuse its discretion because plaintiff fails to satisfy the prerequisites for seeking a discovery continuance under Fed. R.Civ.P. 56(f). *See Gualandi v. Adams,* 385 F.3d 236, 244 (2d Cir.2004); *see also Paddington Partners v. Bouchard,* 34 F.3d 1132, 1138 (2d Cir.1994). Plaintiff did not explain with any specificity, *inter alia,* how he was prevented from obtaining discovery; indeed, his remaining discovery requests appear to be more of a "fishing expedition" than a good-faith effort to fill in evidentiary gaps. *Waldron v. Cities Serv. Co.,* 361 F.2d 671, 673 (2d Cir.1966). "[B]are assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)." *Paddington Partners,* 34 F.3d at 1138 (internal quotation marks omitted).

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**