09-3588-cv
Foresta v. Centerlight Capital Management, LLC

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-seventh day of May, two thousand and ten.

PRESENT:

    JOSÉ A. CABRANES,
    ROBERT A. KATZMANN,
          *Circuit Judges*,
    J. GARVAN MURTHA,
          *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANTHONY M. FORESTA,

    *Plaintiff-Appellant*,

    v.                                 No. 09-3588-cv

CENTERLIGHT CAPITAL MANAGEMENT, LLC, GARY KILBERG, I/O, ANDREW CONSTAN, I/O, CHARLES PARKHURST, I/O, RAHUL SONDHI, I/O,

    *Defendants-Appellees*.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\* The Honorable J. Garvan Murtha, Senior Judge of the United States District Court for the District of Vermont, sitting by designation.

\*\* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

**FOR PLAINTIFF-APPELLANT:**                       ARIEL Y. GRAFF (Scott B. Gilly, *on the brief*), Thompson Wigdor & Gilly LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:**                  JONATHAN S. SACK (Eric R. Stern, *on the brief*), Sack & Sack, Esqs., New York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and the cause is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Anthony Foresta ("plaintiff or "Foresta") appeals from a summary judgment of the District Court dated July 29, 2009, entered in favor of plaintiff's former employer, Centerlight Capital Management, LLC ("Centerlight") and its principals (together with Centerlight, "defendants"). Plaintiff was employed by Centerlight, a hedgefund, as an "operations manager" until his termination in November 2007. He brought suit in October 2008, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Connecticut state law. In July 2009, the District Court granted summary judgment to defendants upon concluding that plaintiff did not sufficiently establish that Centerlight employed the requisite fifteen "employees" to qualify as an "employer" under the ADA. *Foresta v. Centerlight Capital Mgmt., LLC*, No. 3:08-cv-1571, 2009 WL 2253173, at *2-3 (D. Conn. July 28, 2009). On appeal, plaintiff argues as follows: (1) that the District Court erred in converting defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure into a motion for summary judgment, (2) that genuine issues of material fact concerning whether certain Centerlight personnel were "employees" or independent contractors preclude the entry of summary judgment, and (3) that the District Court abused its discretion in denying plaintiff's request for additional discovery made pursuant to Rule 56(f). We assume the parties' familiarity with the remaining factual and procedural history of the case.

We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor. *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010). We review the denial of leave for discovery under Rule 56(f) for abuse of discretion. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). For the reasons set forth below, we conclude that the District Court's grant of summary judgment was premature.

The District Court granted summary judgment to defendants upon concluding that three individuals working for Centerlight—Beverly Westle, Eugene Shklyar, and Victoria Paulin—were independent contractors rather than "employees" and, therefore, that plaintiff could not demonstrate that Centerlight had fifteen employees as required by the ADA to be considered an "employer." *See* 42 U.S.C. § 12111(5)(A) (defining "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year"). We look to the common law of agency to determine who counts as an "employee" under the ADA. *See Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 444-45 (2003) (relying on *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992)). In doing so we apply the following thirteen factors articulated by the Supreme Court in *Community for Creative Non-Violence v. Reid*:

> [1] the hiring party's right to control the manner and means by which the product is accomplished . . . [;][2] the skill required; [3] the source of the instrumentalities and tools; [4] the location of the work; [5] the duration of the relationship between the parties; [6] whether the hiring party has the right to assign additional projects to the hired party; [7] the extent of the hired party's discretion over when and how long to work; [8] the method of payment; [9] the hired party's role in hiring and paying assistants; [10] whether the work is part of the regular business of the hiring party; [11] whether the hiring party is in business; [12] the provision of employee benefits; and [13] the tax treatment of the hired party.

490 U.S. 730, 751-52 (1989) (footnotes omitted) (noting that "[n]o one of these factors is determinative"); *accord Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 114 (2d Cir. 2000). We have emphasized that courts applying the *Reid* factors "*should not* ordinarily place extra weight on the benefits and tax treatment factors . . . and *should* instead place special weight on the extent to which the hiring party controls the 'manner and means' by which the worker completes her assigned tasks." *Eisenberg*, 237 F.3d at 117.

Here the parties engaged in only limited discovery before the District Court granted summary judgment to defendants.[1] That discovery revealed that all three of the individuals in question were included on a Centerlight organizational chart, that two had telephone extensions at Centerlight's office, and that two were classified as independent contractors for tax purposes.

---

[1] Although defendants moved to dismiss pursuant to Rule 12(b)(1), the District Court properly noted that the "the threshold number of employees . . . is not a jurisdictional issue." *Foresta v. Centerlight Capital Mgmt., LLC*, No. 3:08-cv-1571, 2009 WL 928356, at *2 (D. Conn. Apr. 3, 2009) (quoting *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 366 (2d Cir. 2000)). Accordingly, the District Court appears to have treated defendants' Rule 12(b)(1) motion as a mislabeled motion to dismiss pursuant to Rule 12(b)(6), and to have converted that motion into a motion for summary judgment in accordance with Rule 12(d). We find no error in that procedure.

Significantly, however, no evidence concerning the "manner and means" by which those workers completed their tasks was produced, nor did the limited discovery reveal evidence relevant to many of the remaining *Reid* factors. The District Court nevertheless concluded that the three disputed individuals were not "employees" within the meaning of the ADA based primarily on their tax treatment. In doing so the District Court did not explicitly address plaintiff's Rule 56(f) request for additional discovery, noting only that "the parties had the opportunity to conduct discovery and fully brief the issue to the Court." *Foresta*, 2009 WL 2253173, at *3.

We conclude that the District Court erred in granting summary judgment without first permitting plaintiff to take additional discovery. *See Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citations, alterations, and quotation marks omitted)). Although the parties agreed to conduct limited discovery aimed solely at determining the number of Centerlight's employees, the evidence produced quickly revealed that the determinative question was whether certain individuals were independent contractors or "employees." The answer to that question depended, in large part, on the "'manner and means' by which the worker[s] complete[d] [their] assigned tasks," *Eisenberg*, 237 F.3d at 117, and could likely be ascertained only by deposing the workers in question or others at Centerlight. Plaintiff diligently pursued discovery on that issue and, in opposing defendants' converted motion for summary judgment, requested leave to take the depositions of defendants and the individuals whose employment status was in dispute. Plaintiff made his request in an affidavit in conformance with the requirements of Rule 56(f). *See* Fed. R. Civ. P. 56(f); *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) ("To request discovery under Rule 56(f), a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.").

Rule 56(f) was designed to address precisely the situation with which plaintiff was confronted. *See* Fed. R. Civ. P. 56(e) advisory committee's note (1963) ("[S]ummary judgment may be inappropriate where the party opposing it shows under subdivision (f) that he cannot at the time present facts essential to justify his opposition."); *see also Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) ("The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment." (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). The additional discovery requested by plaintiff was hardly akin to a "fishing expedition." *Cf. Waldron v. Cities Serv. Co.*, 361 F.2d 671, 673 (2d Cir. 1966) (noting that the District Court "properly denied [a] Rule 56(f) motion for further discovery" where plaintiff had "more than ample opportunities to develop a basis for his action"); *Trebor Sportswear*, 865 F.2d at 512 (holding that plaintiffs were not entitled to additional discovery where they "proffered no persuasive basis for the

4

district court to conclude that further discovery would yield" relevant evidence). Rather, such discovery was essential to the District Court's proper consideration of the *Reid* factors. Had the parties engaged in full discovery related to the *Reid* factors but the evidence produced proved irrelevant or inconclusive, the District Court might have been justified in concluding that the tax treatment of the workers in question tipped the scales in favor of finding that they were not employees. But in light of the complete *absence* of evidence concerning most of the *Reid* factors, along with a properly supported Rule 56(f) request, it was error for the District Court to grant summary judgment to defendants without permitting further discovery. *See In re Dana Corp.*, 574 F.3d 129, 151 (2d Cir. 2009) (vacating summary judgment where the denial of a Rule 56(f) request "was not within the range of permissible decisions"). Accordingly, we vacate the judgment of the District Court and remand the cause to permit plaintiff to take additional discovery relating to Centerlight's status as an "employer" under the ADA.[2]

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is **VACATED** and the cause is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We note that defendants also dispute whether six "LLC members" qualify as "employees" of Centerlight. The District Court noted that "[b]ecause plaintiff has failed to put forth sufficient evidence to prove that the independent consultants were employees, this Court need not decide whether the LLC members were in fact employees." *Foresta*, 2009 WL 2253173, at *3. We decline to address the employment status of the LLC members in the first instance. *See Aulicino v. N.Y. City Dep't of Homeless Servs.*, 580 F.3d 73, 85 (2d Cir. 2009) (explaining that, although our review of summary judgment is *de novo*, "[w]e are entitled to the benefit of the district court's judgment, which is always helpful and usually persuasive" (quoting *Beckford v. Portuondo*, 234 F.3d 128, 130 (2d Cir. 2000))). Because further discovery might also shed light on this question, we leave it to the District Court to decide, if necessary, whether the six LLC members in question qualify as "employees" under the ADA.