**Easton BECKFORD, Plaintiff–Appellant,**

v.

**Leonardo PORTUONDO, Superintendent at Shawangunk Correctional Facility, et. al., Defendants–Appellees.**

**Docket No. 00–0111.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 24, 2000.

Decided Dec. 11, 2000.

Easton Beckford, Plaintiff–Appellant, pro se.

Nancy A. Spiegel, Assistant Solicitor General, Albany, N.Y. (Eliot Spitzer, Attorney General, Victor Paladino, Assistant Solicitor General, on the brief), for Defendants–Appellee.

Before FEINBERG, MINER, and SACK, Circuit Judges.

PER CURIAM:

Easton Beckford is a wheelchair-bound New York State prison inmate. He began this action on February 26, 1998, by filing a pro se complaint against nineteen named defendants and two "Doe" defendants under 42 U.S.C. § 1983. His complaint alleges various violations of the Eighth Amendment, the Fourteenth Amendment, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, and § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). It also asserts a state-law tort claim.

Beckford's complaint focuses on events alleged to have occurred between January 16 and January 24, 1997, while Beckford was incarcerated at Shawangunk Correctional Facility, and between January 30, 1997 and January 6, 1998, while Beckford was incarcerated at Great Meadows Correctional Facility. The complaint alleges that the defendants violated the plaintiff's Eighth Amendment rights by, *inter alia,* subjecting him to inhumane prison conditions; using excessive force; denying him adequate medical care; denying him access to drinking water for more than a week; assaulting him with fire extinguisher spray and by other means; knowing of and failing to act in response to an incident in which an inmate/porter poured bleach into and sealed the plaintiff's cell, causing him injury; removing his bedding and clothing from his cell; denying him outdoor recreation for six months; and refusing to allow him access to therapy or mental health programs despite his documented mental illness.

In addition to the Eighth Amendment claims, the complaint alleges that the defendants violated the Fourteenth Amendment Due Process Clause by failing to obtain and provide the plaintiff with deprivation orders for the denial of water and outdoor recreation, and violated the ADA and Rehabilitation Act by denying him outdoor recreation. Finally, the complaint asserts a cause of action for assault and battery under state law.

Following discovery, all the defendants moved for summary judgment pursuant to Fed.R.Civ.P. 56(b). The district court granted the motion as to all claims, dismissing the complaint. The district court's decision consisted of two sentences:

> Upon review of the record and applicable law, the Court concludes that no genuine issue of material fact exists that precludes summary judgment, and that Plaintiff's claims are legally deficient. The Court notes that it does not reach the issue of Eleventh Amendment immunity or the applicability of *Kilcullen* at this stage, and relies on the alternate grounds articulated in Defendants' memorandum.

We are troubled both by what the decision says and by what it fails to address. First, our review of the defendants' memorandum of law submitted to the district court discloses no "alternate grounds" articulated by the defendants upon which the decision purports to rely in deciding the motion with respect to the ADA and Rehabilitation Act claims. Second, it is

neither clear from the opinion nor obvious to us from a review of the record on appeal why there is no triable issue of material fact with respect to at least some of the plaintiff's claims, such as those with respect to the bleach incident, the denial of out-of-cell activities for nearly six months, and perhaps an alleged assault by prison officials.

The district court's decision, then, is simply too spare to serve as a basis for our review. As we have had occasion to observe:

> A recitation of the applicable factors or legal standard, standing alone, is normally not sufficient to permit appropriate appellate review. The court must inform the reviewing court as to how the standard has been applied to the facts as the court has found them. If the court fails to make findings and to give an explanation, and the reason for the court's ruling is not clear to us, we will remand for findings and an explanation.

*Orchano v. Advanced Recovery, Inc.*, 107 F.3d 94, 99 (2d Cir.1997). The Tenth Circuit, faced with similar circumstances, remanded the case before it.

> The motion for summary judgment and the order of the court are silent as to what facts form the background for the judgment and are equally silent as to legal grounds. And although we have sometimes assumed the burden of isolating a dispositive legal ground upon clear and undisputed facts, we are unwilling to sustain a summary judgment where the record is unclear to us on both fact and the legal theory forming the basis of the ruling.

*Atkinson v. Jory*, 292 F.2d 169, 171 (10th Cir.1961) (citation omitted).

██ "We will not affirm a summary judgment based on the solitary cerebration of the trial court." *Soley v. Star & Herald Co.*, 390 F.2d 364, 369 (5th Cir.1968).

██ Although we have repeatedly observed, in words or substance, that "[w]e review a grant of summary judgment *de novo* applying the same standard as the district court," *see, e.g., Graham v. Long Island Rail Road*, 230 F.3d 34, 38 (2d Cir.2000), that does not mean that it is our function to decide motions for summary judgment in the first instance. We are dependent on the district court to identify and sort out the issues on such motions, to examine and analyze them, and to apply the law to the facts accepted by the court for purposes of the motion. We are entitled to the benefit of the district court's judgment, which is always helpful and usually persuasive.

We therefore remand the case to the district court for further consideration and a complete and comprehensive decision. Jurisdiction will be restored to this Court without a new notice of appeal when any of the parties furnishes to the clerk of this Court a copy of the district court's ruling on remand granting summary judgment to all the defendants on all of the plaintiff's claims. The case shall be referred to this panel upon its return to this Court's jurisdiction. *See United States v. City of Yonkers*, 197 F.3d 41, 58 (2d Cir.1999). Should the district court, in the course of its further review, decide that summary judgment will not be granted to all the defendants on all the claims asserted by the plaintiff, however, any further appeal shall be prosecuted in accordance with ordinarily applicable rules and scheduled for argument and heard by this Court in the ordinary course.

A mandate consistent with the foregoing shall issue forthwith. *See United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994).