256 F.3d 93 (2nd Cir. 2001)
 NATHANIEL JACKSON, Plaintiff-Appellant,
-v.-
WILLIAM S. BURKE, Assistant Deputy Superintendent, Clinton Correctional Facility and R. PROVOST, Correctional Officer, Clinton Correctional Facility, Defendants Appellees.
 Docket No. 00-0088
August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 (Argued: April 30, 2001)
(Decided: July 11, 2001)
 
 Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, Judge). The district court granted defendants' motion for summary judgment and dismissed incarcerated plaintiff's claims that the destruction of his mail violated his rights to due process, equal protection, and access to the courts. We hold that the plaintiff is entitled to additional discovery to attempt to determine the identity of the prison official, if any, responsible for denying him access to the courts; but that the plaintiff has not adduced sufficient evidence to support either his due process or "class of one" equal protection claims.
 Affirmed in part, vacated in part, and remanded.[Copyrighted Material Omitted]
 SUELLEN RATLIFF, Coudert Brothers, New York, New York (Douglas F. Broder, New York, New York, on the brief), for Plaintiff-Appellant.
 VICTOR PALADINO, Assistant Solicitor General, Albany, New York (Eliot Spitzer, Attorney General of the State of New York, Daniel Smirlock, Deputy Solicitor General, Nancy A. Spiegel, Assistant Solicitor General, Albany, New York, on the brief), for Defendants-Appellees.
 Before: KEARSE and SACK, Circuit Judges, and RAKOFF, District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Nathaniel Jackson alleges that in June 1994, when he was incarcerated at the Clinton Correctional Facility in New York, he asked his mother to mail him various documents that he needed in order to proceed with state and federal collateral attacks on his criminal convictions. The package of documents arrived at the prison, as evidenced by a prison receipt signed "R. Provost"; but instead of being delivered to Jackson, the package was returned to Jackson's mother in a torn and mutilated condition, with some of the documents effectively destroyed. Informed of these events, William Burke, an assistant deputy prison superintendent at the Clinton facility, told Jackson that he would investigate the incident; but Burke never completed the investigation. In the meantime, Jackson missed various deadlines related to his collateral attacks.
 
 
 2
 Jackson then brought suit pursuant to 42 U.S.C. §1983, claiming his constitutional rights to due process, equal protection, and access to the courts had been violated by the destruction of the documents and Burke's failure to adequately investigate the destruction. The complaint named as defendants Burke and "R. Provost," who plaintiff inferred was Ronald Provost, a correctional officer at the Clinton facility.
 
 
 3
 Following discovery, both Burke and Ronald Provost moved for summary judgment. In support of his motion, Ronald Provost submitted evidence that at all relevant times, including the day and time when Jackson's package arrived at the prison mailroom, Ronald Provost had been working exclusively in the prison's watchtowers. In addition, he submitted an exemplar of his signature that to the lay eye appears noticeably different from the signature "R. Provost" on the mail receipt. In response, Jackson acknowledged that he had served Ronald Provost solely on the basis of the mail receipt and sought permission to reopen discovery to determine who in fact had received and signed for his package, JA 266-67. Burke, for his part, submitted his own affidavit describing the steps he had taken to investigate the destruction of Jackson's package and stating that he had terminated his inquiry, without conclusive results, only upon Jackson's transfer to another prison facility. JA 244-48.
 
 
 4
 The District Court granted summary judgment in a two-sentence order, finding that "[a]s substantially set forth in Defendants' moving papers, Plaintiff has failed to state an access to courts violation, Due Process violation, or Equal Protection violation." JA 278-79. Such conclusory orders granting summary judgment generally do not provide this Court with a sufficient basis for review and are therefore disfavored. See Beckford v. Portuondo, 234 F.3d 128 (2d Cir. 2000) (per curiam).
 
 
 5
 In this case, however, the submissions of the parties provide us with a sufficient basis to affirm in part and vacate in part the order of the district court.
 
 
 6
 In particular, taking the facts most favorably to Jackson (as we must on this de novo review of defendants' summary judgment motion), Jackson is entitled to further discovery on his claim that he was denied access to the courts. As we have previously held, "when a pro se [prisoner] plaintiff brings a colorable claim against supervisory personnel, and those supervisory personnel respond with a dispositive motion grounded in the plaintiff's failure to identify the individuals who were personally involved, under circumstances in which the plaintiff would not be expected to have that knowledge, dismissal should not occur without an opportunity for additional discovery." Davis v. Kelly, 160 F.3d 917, 922 (2d Cir. 1998). Since it was not until Provost filed his motion for summary judgment that Jackson had any reason to believe that the person signing "R. Provost" might be someone other than Ronald Provost or that any other prison employee had access to his package, Jackson should be given a reasonable opportunity to explore who actually signed that name and under what circumstances. See generally Morello v. James, 810 F.2d 344 (2d Cir. 1987).
 
 
 7
 Pending such discovery, the district court's dismissal of the plaintiff's claim of denial of access to the courts must be vacated so far as putative defendant "R. Provost" is concerned. As to Burke, however, the claim must be dismissed; for even though plaintiff seeks to characterize the incompleteness of Burke's investigation as a "failure to remedy" the destruction of the documents, a "failure to remedy" theory of liability is not available with respect to discrete and completed violations such as the destruction of documents here alleged. See Blyden v. Mancusi, 186 F.3d 252, 259, 264 (2d Cir. 1999); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).
 
 
 8
 As to Jackson's due process claim-which alleges that he was deprived of any adequate remedy for the destruction of his documents and the concomitant delays-New York in fact affords an adequate post-deprivation remedy in the form of, inter alia, a Court of Claims action. Plaintiff's failure to pursue this adequate state remedy thus precludes his claim under §1983. See Love v. Coughlin, 714 F.2d 207, 208-09 (2d Cir. 1983). While Jackson alleges that he failed to file the state claim because he believed he was required to wait for Burke to complete his investigation, he does not contend that Burke or anyone else told him he was required to do so nor alleges any other reasonable basis for his mistaken belief. See Hellenic American Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 881 (2d Cir. 1996).
 
 
 9
 Finally, Jackson's equal protection claim must also be dismissed in its entirety. Jackson does not allege a traditional claim under the Equal Protection Clause based on some suspect classification or the violation of a fundamental right; rather, he contends that he was intentionally singled out for treatment different from that accorded other prisoners for no legitimate governmental reason. But even though such "class of one" equal protection claims can sometimes survive, see Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam), here plaintiff has failed to adduce even the slightest evidence to support his claim that the destruction of his mail was intentionally directed just at him, as opposed, e.g., to being an accident or a random act of destruction. This is particularly telling since Jackson is well situated to allege facts from which a reasonable juror could infer that one or more prison employees held an animus against him; but he has wholly failed to do so. To be sure, proof of subjective ill will is not an essential element of a "class of one" equal protection claim. Willowbrook, 528 U.S. at 565. But the accidental mutilation of mail, not just in prison but in the everyday world, is a sufficiently common experience that Jackson was at least required, following discovery, to show that there was something sufficiently distinct about this mail, this incident, or his relation to the relevant prison authorities that could give rise to a reasonable inference that he was in fact being treated differently from all others similarly situated. As it is, he has not even adduced evidence that other prison mail did not on occasion suffer similar mishandling. In the absence, therefore, of any basis for inferring that his mail was being singled out, his equal protection claim must be dismissed.
 
 
 10
 Accordingly, we affirm the district court's dismissal of all of plaintiff's claims except his denial of access claim against "R. Provost," the dismissal of which is vacated and the matter remanded for further proceedings in accordance with this opinion.
 
 
 
 NOTE:
 
 
 *
 The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.