**Eugene CAPICOTTO, Plaintiff–Appellant,**

v.

**Linda PUGLISI, individually, Richard McIntyre, individually, Thomas Wood, individually and The Town of Cortlandt, New York, Defendants–Appellees.**

Docket No. 01–7157.

United States Court of Appeals,
Second Circuit.

Dec. 20, 2001.

Kim Berg, White Plains, NY, for Appellant.

Kristin M. Burke, New York, NY; Edmund V. Caplicki, Jr., on the brief, for Appellees.

Present OAKES, JACOBS, Circuit Judges, and LYNCH, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Eugene Capicotto appeals the district court's grant of summary judgment, dismissing his 42 U.S.C. § 1983 retaliation claim.

The evidence before the district court, viewed in the light most favorable to Capicotto, shows as follows. For a time until April 9, 1999, Capicotto, a Motor Equipment Operator ("MEO") employed by the Town of Cortlandt, NY, worked at a special desk assignment at the Town's compost site, chiefly because he was union president. On April 9, he was ordered to perform the regular duties of an MEO on a sanitation truck. Shortly before reassignment, Capicotto attended a March 26 labor-management meeting and complained that the town's drug testing program had been "compromised." Capicotto's claim is that he was reassigned in retaliation for his exercise of his First

* The Honorable Gerard E. Lynch of the United States District Court for the Southern District of New York, sitting by designation.

Amendment right to blow the whistle on the drug-testing program.

To make out a claim for retaliation under 42 U.S.C. § 1983, Capicotto must demonstrate by a preponderance of the evidence that: (1) his speech was constitutionally protected; (2) he suffered adverse employment action; and (3) a causal connection exists between the protected speech and the adverse employment action. *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir.1999). For the purposes of summary judgment, the district court assumed (with some skepticism) that Capicotto satisfied the first two elements. However, it held causation lacking because the reassignment decision was made on March 22, before Capicotto's March 26 comments were made.

Appellants' affidavits in support of their summary judgment motion averred that the reassignment decision initially was made (prior to March 26) at the March 22 town meeting as part of the decision to "seasonalize" the compost site, i.e., shut it down for a part of the year that had by then begun. The ruling on summary judgment depends on that chronology. On appeal, Capicotto contends that there is a genuine question as to whether the reassignment decision had been made by March 22.

This Court reviews a grant of summary judgment *de novo*. *Beckford v. Portuondo*, 234 F.3d 128, 130 (2d Cir.2000). Summary judgment is appropriate where the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). Reaching this determination, the district court must "[e]xamin[e] the evidence in the light most favorable to the nonmoving party." *Adjustrite Systems v. Gab Business Services*, 145 F.3d 543, 547 (2d Cir.1998). However, "[T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)) (citations and footnote omitted). "Conclusory allegations, conjecture, and speculation ... are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir.1998).

In the absence of contemporaneous minutes from the March 22 meeting, we possess an iota of doubt concerning what precisely transpired. Nevertheless, Capicotto's efforts to capitalize on any skepticism fail as a matter of law because Capicotto presented no (non-conclusory) evidence to demonstrate that his March 26 conversation predated the reassignment decision, and therefore he did not meet his burden of presenting "specific facts showing ... a genuine issue for trial." Fed.R.Civ.P. 56(e).

Capicotto had to "produce some concrete evidence from which a reasonable juror could return a verdict in his favor." *Dister v. Continental Group, Inc.*, 859 F.2d 1108 (2d Cir.1998). Appellants supported their summary judgment motion with the affidavits of seven individuals (four of whom are not parties to this suit), which uniformly specified March 22 as the date of the reassignment decision. Capicotto had the opportunity to discover evidence and submit contradictory responsive affidavits from other meeting attendees or individuals with personal knowledge. He did not do so. Instead, to raise a factual dispute, he points to answers given in deposition to questions posed without orientation in time to the dated events in question. Capicotto never asked any deponent the crucial question of when the reassignment decision was made. Capicotto confused matters, generally by taking deponents' answers out

of context, and specifically by directing his inquiries largely to the period after March 26, 1999 and by employing questions that failed to adequately differentiate between the March 22 decision to seasonalize the compost site and the ultimate May 7 decision to close it altogether.

In essence, he elicited chronologically vague and sloppy answers to chronologically vague and sloppy questions. To reach a jury, he must present material evidence to contradict appellants' assertions of fact; he cannot simply sit on his laurels and point to the muddled mess he made of the deposition testimony.