Anthony G. GILL, Plaintiff–Appellant,

v.

Kathleen ANDERSON, Computer Teacher, Franklin Correctional Facility, Lt. Cayea, Lieutenant, Franklin Correctional Facility, Tom Morton, Correctional Officer, Franklin Correctional Facility, Ken Snyder, Senior Correctional Counselor, Franklin Correctional Facility, F.J. Guerin, Lieutenant, Franklin Correctional Facility, M.G. Parrott, Deputy Superintendent of Security, Franklin Correctional Facility, C.F. Dufrain, Superintendent, Franklin Correctional Facility, Glenn S. Goord, Commissioner, Defendants–Appellees.

No. 00–0359.

United States Court of Appeals, Second Circuit.

Jan. 8, 2002.

Anthony G. Gill, Auburn, NY, pro se.

Daniel Smirlock, Deputy Solicitor General, Martin A. Hotvet, Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York, Attorney General's Office of the State of New York, Albany, NY, for Appellees.

Present PIERRE N. LEVAL, JOSÉ A. CABRANES, and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is VACATED and the matter REMANDED.

Petitioner appeals from a judgment of the United States District Court for the Northern District of New York granting defendants' motion pursuant to Fed. R.Civ.P. 12(b)(6) and dismissing the complaint. Anthony Gill, an inmate in the custody of the New York State Department of Corrections, alleges an unconstitutional search of documents in his electronic typewriter, a retaliatory transfer, and denial of due process with respect to a thirty day confinement in a double-bunk special housing unit cell.

The district court did not explain the factual findings or legal grounds forming

the basis of its order granting summary judgment. Such conclusory orders "generally do not provide this Court with a sufficient basis for review and are therefore disfavored." *Jackson v. Burke*, 256 F.3d 93, 95 (2d Cir.2001) (*per curiam*). " 'If the court fails to make findings and to give an explanation, and the reason for the court's ruling is not clear to us, we will remand for findings and an explanation.' " *Beckford v. Portuondo*, 234 F.3d 128, 130 (2d Cir.2000) (quoting *Orchano v. Advanced Recovery, Inc.*, 107 F.3d 94, 99 (2d Cir.1997)).

Accordingly, we vacate the judgment and remand for reconsideration.