**A.B. REALTY CORP., Plaintiff–Appellee,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant–Third–Party–Plaintiff–Appellant–Cross–Appellee,**

v.

**Anthony D. Autorino, Third –Party–Defendant–Appellee–Cross–Appellant.**

**Nos. 01–9210, 01–9222.**

United States Court of Appeals, Second Circuit.

Sept. 3, 2002.

Robert L. Keepnews, Pepe & Hazard, Hartford, CT, for Appellee.

Dina, Schwarz, Fisher, Robinson & Cole LLP (Alvin Pasternak, of counsel), New York, NY, for Third–Party–Appellant–Cross–Appellee.

Lisa Kelly Morgan, Ruben, Johnson & Morgan PC, Hartford, CT, for Third–Party–Appellee–Cross–Appellant.

Present WINTER, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED except for the dismissal of MetLife's claim of civil theft against Autorino, which is vacated and remanded to the district court for further proceedings.

Plaintiff-appellee A.B. Realty brought suit against defendant-third-party-plaintiff-appellant-cross-appellee Metropolitan Life Insurance Company ("MetLife") in the United States District Court for the District of Connecticut, alleging breach of contract, breach of third-party-beneficiary contract, and negligence. MetLife answered, raising seven affirmative defenses, including contributory negligence. MetLife impleaded third-party-defendant-appellee-cross-appellant Anthony D. Autorino, alleging fraud, negligent misrepresentation, innocent misrepresentation, tortious conversion, civil theft, and unjust enrichment.

On September 7, 2001, the district court (Gerard L. Goettel, *Judge*) awarded A.B. Realty $750,000 from MetLife for third-party-beneficiary breach of contract and negligence, as well as prejudgment interest on the former claim. MetLife was awarded $750,000 from Autorino on a finding of tortious conversion and unjust enrichment, and MetLife was denied prejudgment interest. The district court dismissed all other counts of the complaint and the third-party complaint.

On appeal of the judgment for A.B. Realty, MetLife does not challenge the award of $750,000 plus prejudgment interest for third-party-beneficiary breach of contract. MetLife challenges only the finding of negligence and the dismissal of MetLife's affirmative defense of contributory negligence. Because these rulings are not necessary to the judgment below, we do not reach them on appeal.

On appeal of the judgment regarding Autorino, MetLife challenges the denial of prejudgment interest, and the denial of MetLife's claims of negligent misrepresentation, innocent misrepresentation, and civil theft. With regard to the denial of

prejudgment interest under Connecticut General Statutes § 37 3a, we find no abuse of discretion by the district court. *See Prime Mgmt. Co. v. Steinegger,* 904 F.2d 811, 817 (2d Cir.1990); *Boulevard Assocs. v. Sovereign Hotels, Inc.,* 861 F.Supp. 1132, 1141 (D.Conn.1994). We do not reach MetLife's claims of innocent and negligent misrepresentation because a different disposition would not alter the judgment of $750,000 against Autorino for unjust enrichment and tortious conversion.

Under Connecticut's "civil theft" statute, Conn. Gen.Stat. § 52–564, "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." Because the district court did not make a specific determination with respect to MetLife's claim of civil theft and because we think it unwise for us to attempt to do so in the first instance on appeal, *cf. Beckford v. Portuondo,* 234 F.3d 128, 130 (2d. Cir.2000) (per curiam), we vacate the judgment insofar as it dismisses that claim and remand for further proceedings with respect to it.

Finally, we see no merit in Autorino's appeal of the award of $750,000 to MetLife for unjust enrichment and tortious conversion.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED except for the dismissal of MetLife's claim of civil theft against Autorino, which is vacated and remanded to the district court for further proceedings.