Delville BENNETT, Plaintiff–Appellant,

v.

CITY OF NEW YORK, Bernard B. Kerik, Commissioner, of the Department of Correction, individually and in his official capacity, Bernard Mcnellis, Warden, individually and in his official capacity, John Doe, area supervisor, individually and in his official capacity, Defendants–Appellees.

No. 02–7010.

United States Court of Appeals, Second Circuit.

June 23, 2003.

Delville Bennett, Ossining, NY, for Appellant, pro se.

Grace Goodman, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York), New York, NY, for Appellee.

PRESENT: SACK, SOTOMAYOR, Circuit Judges, and DANIELS,* District Judge.

---

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of June, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of November 20, 2001, be, and it hereby is, AFFIRMED.

In 1996, plaintiff Delville Bennett slipped in a pool of water and fell while getting out of a shower in Rikers Island, where he was then incarcerated pending trial. He sustained permanent injuries. Bennett did not pursue a claim with respect to his injury by following the grievance procedure established by the New York Department of Correction.

In 1999, Bennett filed suit in the Eastern District of New York under 42 U.S.C. § 1983, alleging that his fall was caused by the deliberate indifference of the City of New York and certain prison officials to shower safety. In particular, Bennett claims that the city failed to replace burnt out light-bulbs in the shower area in a timely manner, causing the room to be poorly lit, and failed to provide appropriate shower mats. Bennett admits that he saw the pool of water which allegedly caused his fall before he entered the shower. The district court granted summary judgment to the defendants following oral argument held via telephonic conference. On appeal, Bennett claims that the district court failed to make any factual findings or conclusions of law upon which we may base appellate review, citing *Beckford v. Portuondo,* 234 F.3d 128 (2d Cir.2000) (per curiam).

To the contrary, at the end of the telephonic oral argument, the district court explained its reasoning before announcing its intention to grant defendants' summary judgment motion. The district court said that it was:

> fully satisfied that this is a simple negligence claim, that there have been no constitutional violations. The plaintiff slipped possibly due to his own contributory negligence. He was given immediate medical treatment. There's no indication that any of the people sued had a policy of maintaining the facility in order to make it more dangerous or ignoring in any constitutional way the medical claims and disabilities of any prisoners. Therefore, the Court will dismiss the case.

This explanation is sufficient to allow for effective appellate review of this case.

Bennett raises no other contentions on appeal and takes no issue with either the findings of fact or the conclusions of law contained in the district court's explanation of its decision.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.