SUMMARY ORDER
The plaintiffs appeal from the district court’s denial of their motion to certify a proposed class of plaintiffs and its grant of *981 the defendants’ subsequent motion for summary judgment in this action brought pursuant to the Employee Retirement Income Security Act of 1974, Pub.L. 93-406, Sept. 2, 1974, 88 Stat. 829 (“ERISA”). The plaintiffs are current or former employees of JPMorgan Chase who participate in or otherwise stand to benefit from a JPMorgan Chase deferred employee compensation plan, a defined contribution plan intended to qualify for tax benefits pursuant to IRC § 401(k). At least some of the plaintiffs’ individual plan accounts were invested in the JPMorgan Chase Stock Fund or a predecessor fund, which invested in the company’s own common stock. That investment was allegedly improper because JPMorgan Chase failed to disclose certain banking, accounting, and investment malfeasance largely connected with Enron Corp. The plaintiffs claim that the defendants are liable under ERISA for the imprudent investment, negligent misrepresentations or omissions about the plan’s management, and negligent supervision of the plan’s fiduciaries. We assume that the parties are familiar with the facts and procedural history of this case.
This appeal initially presents the question whether the district court was correct to conclude the plaintiffs lacked standing to bring this action pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2). In the district court’s view, Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), precluded § 502(a)(2) actions like this one where the plaintiffs seek damages for a proper subset of plan participants (here, only participants invested in the JPMorgan Chase Stock Fund).
After the district court ruled and the plaintiffs appealed to this Court, however, the Supreme Court decided LaRue v. DeWolff, Boberg & Associates, Inc., — U.S. -, 128 S.Ct. 1020, 169 L.Ed.2d 847 (2008). LaRue held that plaintiff participants in defined contribution pension plans may seek recovery for “misconduct [that] impaired the value of plan assets in the participant’s individual accounts],” and held further that Russell’s requirement of plan-wide recovery was “beside the point in the defined contribution context.” Id. at 1022, 1025. The defendants now concede, based on LaRue, that the plaintiffs have standing to bring suit under § 502(a)(2), and we agree.
The defendants nonetheless ask that we affirm the judgment on alternative legal grounds that they presented to the district court in them application for summary judgment, but which the district court did not address in the order which is the basis for this appeal. We have the ability to affirm on grounds different from those relied upon by the district court where we find it appropriate to do so. See, e.g., Adirondack Transit Lines, Inc. v. United Transp. Union, Local 1582, 305 F.3d 82, 88 (2d Cir.2002).
In this case, however, the district court explicitly rejected the defendants’ arguments in this regard in an oral opinion denying them earlier motion to dismiss, ruling that most of the arguments were not amenable to judgment on the pleadings. There being no final judgment at that time, the defendants could not seek our review of that order. They invite us now, in effect, to do just that by deciding in the first instance whether the litigation should be terminated in their favor “on the pleadings.”
We decline to do so. First, because the district court likely did not anticipate appellate review of its decision declining to dismiss, the oral decision may not reflect the court’s entire consideration of the issues. Second, the district court’s ruling occurred before the Supreme Court’s decision in Bell Atlantic Corp. v. Twombly, 550 *982 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), which may have altered the applicable standard for the sufficiency of the pleadings here. Third, even though a decision on this issue may ultimately be reviewable by us de novo, we will likely benefit from the district court’s further attention to it, and, if it deems it necessary or advisable, further discovery. See Beckford v. Portuondo, 234 F.3d 128 (2d Cir. 2000) (per curiam) (court of appeals benefits from a complete and comprehensive decision by a district court granting a motion for summary judgment even though our standard of review is de novo).
We appreciate that benefits plan administrators, beneficiaries, and their counsel are eager for us to resolve these issues of ERISA law. We conclude nonetheless that this appeal does not present us with an appropriate vehicle for such a decision. We therefore restrict our ruling to the question of standing, which the parties agree has been decided by intervening Supreme Court authority in the plaintiffs’ favor. We reverse the district court’s order granting summary judgment because it erroneously concluded the plaintiffs lacked statutory standing under ERISA § 502(a)(2), and we otherwise vacate and remand for further proceedings.
For the foregoing reasons, the judgment of the district court is hereby REVERSED in part and VACATED and REMANDED in part.