**Willie DAVIS, Plaintiff–Appellant,**

v.

**The State of NEW YORK, T. Miller, C.O.C. Hutchings, C.O.N. Elefonte, C.O.K. Krein, C.O.A. Ditommaso, C.O. Kholar, J. Hillman, L.T. John Doe, C.O. John Doe[s], Dept. of Programs R. Cunningham, in his/ her individual and official capacities at Green Haven Correctional Facility, W.E. phillips, The Warden or Superintendent in his individual and official capacities at FHCF P.O. Box 4000, Stormvile, N.Y. 12582, Defendants–Appellees.**

No. 07–3262–pr.

United States Court of Appeals,
Second Circuit.

Feb. 20, 2009.

Willie Davis, Wallkill, NY, pro se.

Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Division of Appeals & Opinions, David Lawrence III, Assistant Solicitor General, for Andrew W. Cuomo, Attorney General of the State of New York, New York, NY, for Appellee.

Present RALPH K. WINTER, REENA RAGGI, Circuit Judges, and RAYMOND J. DEARIE, District Judge.*

## SUMMARY ORDER

Incarcerated *pro se* plaintiff Willie Davis appeals the dismissal of his complaint, filed pursuant to 42 U.S.C. § 1983 and charging defendants with violating Davis's due process and Eighth Amendment rights insofar as they allegedly failed to deliver a package mailed to Davis and subjected him to

* The Honorable Raymond J. Dearie, Chief Judge of the United States District for the   Eastern District, sitting by designation.

excessive force in a confrontation about the package. We review the challenged dismissal *de novo, see Ruggiero v. County of Orange,* 467 F.3d 170, 173 (2d Cir.2006), liberally construing Davis's *pro se* pleading, see *Boykin v. KeyCorp,* 521 F.3d 202, 214 (2d Cir.2008). We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

1.  *The Excessive Force Claim*

■ Davis does not dispute that the Prison Litigation Reform Act ("PLRA") required him to exhaust available administrative remedies preliminary to filing this lawsuit. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Rather, he challenges the district court's conclusion that he failed to satisfy this requirement.

We review an exhaustion ruling *de novo, see Ortiz v. McBride,* 380 F.3d 649, 653 (2d Cir.2004), focusing on three questions: (1) were administrative remedies, in fact, available to the plaintiff; (2) do waiver or estoppel principles preclude defendants from raising exhaustion, and (3) do "special circumstances" excuse a failure to exhaust, *see Hemphill v. New York,* 380 F.3d 680, 686, 691 (2d Cir.2004); *see also Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (holding that PLRA exhaustion is an affirmative defense)

Davis does not contend that administrative remedies were unavailable to him. Notably he does not claim that he failed to receive the Superintendent's decision denying his grievance claim as to the use of excessive force.[1] Nor does he question the appealability of that decision to the Central Office Review Committee.[2] *See* N.Y. Comp.Codes R. & Regs. tit. 7, § 701.8(h). Instead, Davis argues that his failure to exhaust that avenue of review may be excused because, prior to receiving the Superintendent's decision, he had already advised the Inmate Grievance Resolution Committee and his Inmate Representative by letter of his complaint. This argument is foreclosed by *Woodford v. Ngo,* 548 U.S. 81, 101, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006), in which the Supreme Court held that the PLRA requires "proper exhaustion" of administrative remedies. *Id.* The Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* Thus, because administrative remedies were, in fact, available to Davis, defendants are not estopped from raising their exhaustion defense. Further, because Davis failed to avail himself of the available remedies and to plead "special circumstances" warranting an exception from the exhaustion requirement, we con-

1.  The district court also construed Davis's complaint to state a claim for denial of timely medical care and noted Davis's failed to raise that claim at any time during his administrative proceedings. On appeal, Davis clarifies that "the plaintiff-appellant is not claiming the denial of timely medical care." Rep. Br. at 3. Consequently, we do not address this aspect of the district court's opinion.

2.  The Superintendent's decision is printed on the top half of a single sheet, the bottom half

of which contains the form Davis was required to file to appeal the Superintendent's decision to CORC. *See* N.Y. Comp.Codes R. & Regs. tit. 7, § 701.8(h) (noting that inmates must file form 2133 to appeal Superintendent's decision). This form explains, "If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have four (4) working days from receipt of this notice to file your appeal."

clude that his excessive force claim was properly dismissed.

2. *The Due Process Claim*

█ In dismissing Davis's complaint in its entirety, the district court did not specifically address his procedural due process claim regarding the undelivered package. Defendants concede that the record is presently insufficient to support dismissal of this claim on exhaustion grounds. Nevertheless, we identify another ground to affirm. *See Ambase Corp. v. City Inv. Co. Liquidating Trust,* 326 F.3d 63, 72 (2d Cir.2003) (observing that appellate court may affirm dismissal on any ground for which there is record support). The property loss alleged by Davis—whether intentional or negligent—will not support a due process claim redressable under § 1983 if "adequate state post-deprivation remedies are available." *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). "New York in fact affords an adequate post-deprivation remedy in the form of, *inter alia,* a Court of Claims action" pursuant to N.Y. Comp.Codes R. & Regs. tit. 7, § 1700.3(b)(4). *Jackson v. Burke,* 256 F.3d 93, 96 (2d Cir.2001); *Love v. Coughlin,* 714 F.2d 207, 208–09 (2d Cir. 1983) (New York post-deprivation remedies adequate to preclude prisoner's due process claim for lost of personal property). The existence of this adequate post-deprivation state remedy would thus preclude Davis's due process claim under § 1983 even if he had exhausted his administrative remedies.

We have considered all of plaintiffs' remaining arguments on appeal and have found them to be without merit. Accordingly, we AFFIRM the judgment of dismissal.