**Elias NUÑEZ, Plaintiff–Appellant,**

**v.**

**Dennis W. HASTY, Warden, MDC–Brooklyn, Middleton, Medical Supervisor, MDC–Brooklyn, F. Francin, Medical Director, MDC–Brooklyn, M.E. Ray, B.O.P. Northeast Regional Director, C. Shacks, B.O.P. Unit Manager, MDC–Brooklyn, H. Watts, Administrator, Bureau of Prisons, Central Office, Washington, D.C., Defendants–Appellees.**

No. 08–0139–pr.

United States Court of Appeals,
Second Circuit.

April 19, 2010.

Michael Poreda and Sarah A. Geers (Jon Romberg, on the brief), Seton Hall University School of Law, Center for Social Justice, Newark, NJ, for Appellant.

Kenneth Abell, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, AMALYA L. KEARSE, GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Elias Nuñez appeals from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*), granting summary judgment in favor of defendants-appellees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On September 8, 2006, Magistrate Judge Bloom issued a 22–page Report and Recommendation recommending in relevant part that "defendants' motion to dismiss or for summary judgment should be denied as premature as the parties have not had an opportunity to conduct discovery." Defendants timely filed objections and on December 12, 2007, the district court entered the following order—reproduced in full—granting summary judgment:

> Because I respectfully disagree with Judge Bloom's conclusion that discovery would be useful, I decline to adopt that portion of her Report and Recommendation of September 8, 2006 that denies the defendants' motion for summary judgment. Accordingly, the defendants' motion for summary judgment is granted in its entirety.

The district court's decision "is simply too spare to serve as a basis for our review." *Beckford v. Portuondo*, 234 F.3d 128, 130 (2d Cir.2000) (per curiam).

> Although we have repeatedly observed, in words or substance, that we review a grant of summary judgment *de novo* applying the same standard as the district court, that does not mean that it is our function to decide motions for summary judgment in the first instance. We are dependent on the district court to identify and sort out the issues on such motions, to examine and analyze them, and to apply the law to the facts accepted by the court for purposes of the motion. We are entitled to the benefit of the district court's judgment, which is always helpful and usually persuasive.

*Id.* (internal quotation marks, citation, and alteration omitted). We therefore remand the matter "to the district court for further consideration and a complete and comprehensive decision." *Id.*

Accordingly, the judgment of the district court is hereby **VACATED** and the matter is **REMANDED** for further proceedings consistent with this order.