WESLEY, Circuit Judge,
dissenting:
I do not object to the majority’s characterization of the factual background that gave rise to this dispute, nor do I take issue with the majority’s characterization of this Court’s precedent addressing public forum analysis. I dissent because, in my view, the grant of summary judgment to defendants was proper and no remand is necessary.
Although I agree with the majority that the district court’s analysis was spare, Op. at 337, I disagree that this serves as a basis for vacating the judgment of that court. As this Court often notes, and as the majority acknowledges, see Op. at 340-41, “ ‘we may affirm the [district [cjourt’s order of summary judgment on any ground that finds adequate support in the record.’ ” Savin Corp. v. Savin Group, 391 F.3d 439, 450 (2d Cir.2004) (quoting Eichelberg v. Nat’l R.R. Passenger Corp., 57 F.3d 1179, 1186 n. 6 (2d Cir.1995)).
The record in this case is closed and there will be nothing new for the district court to consider on remand.[1] What the *344 majority asks the district court to do is to provide a more detailed explanation of its decision. However, this Court is charged with conducting a de novo review of the legal question presented by this appeal. And, because this case presents an important question under the First Amendment, we are obligated to conduct “an independent and searching inquiry of the entire record,” Guiles ex rel. Guiles v. Manneau, 461 F.Sd 320, 324 (2d Cir.2006), in order to satisfy ourselves that the grant of summary judgment was proper. See Fed.R.Civ.P. 56(c)(2).
There is no dearth of law in our Circuit setting out the factors that should inform a district court’s public forum analysis. E.g., Bronx Household of Faith v. Bd. of Educ., 492 F.3d 89, 97 (2d Cir.2007) (Calabresi, concurring); Sussman v. Crawford, 488 F.3d 136, 140 (2d Cir.2007) (per curiam); Huminski v. Corsones, 396 F.3d 53, 89-92 (2d Cir.2005); Peck ex rel. Peck v. Baldwinsville Cent. Sch. Dist., 426 F.3d 617, 625-27 (2d Cir.2005); Hotel Emps. & Rest. Emps. Union v. City of N.Y. Dep’t of Parks & Recreation, 311 F.3d 534, 544-53 (2d Cir.2002). In my view, there is nothing to indicate that the district court was unaware of, or misapplied, this line of precedent. Indeed, although the majority characterizes the district court’s order as “brief,” Op. at 340, and states that it has “serious concerns about the forum analysis as apparently conducted by the district court,” Op. at 343, it identifies no error committed by the court below. Of course, “any injury to First Amendment rights is a matter of profound concern to the courts.” Farrell v. Burke, 449 F.3d 470, 497 (2d Cir.2006). But, because I conclude that there was in fact no error committed by the district court, I must also necessarily conclude that there was no injury to the plaintiffs First Amendment rights.
The majority cites Beckford v. Portuondo, 234 F.3d 128 (2d Cir.2000) for the propositions that “[t]he district court’s decision ... is simply too spare to serve as a basis for our review” and “that it is [not] our function to decide motions for summary judgment in the first instance.” Id. at 130. But that case is distinguishable. Here, the district court made specific reference to its previous decision denying plaintiffs motion for a temporary restraining order and for a preliminary injunction. See Op. at 339-40. In that previous opinion, the district court described the property at issue and the challenged restriction on plaintiffs speech, and applied the principles of the public forum doctrine to the facts of this dispute. See Friends of Animals, Inc. v. City of Bridgeport Police Dep’t, No. 06 Civ. 01708(VLB), 2007 WL 3124872, at *1-3 (D.Conn. Oct.25, 2007). In its order granting summary judgment, the district court adopted its previous factual findings and, “[cjonsistent with [its previously issued opinion], the [c]ourt assume[d] for the purposes of [deciding the motion for summary judgment] that the plaza is a limited public forum.” See Op. at 340.
In the district court’s decision denying Zalaski’s motion for a temporary restraining order and for a preliminary injunction, referenced in its order granting summary judgment, the district court heeded the instructions the majority now provides for it on remand. For example, the majority notes that “the initial task of a court faced with a dispute regarding First Amendment activity on government property is to define the nature of the property at issue.” Op. at 341. In its opinion addressing the *345 motion for a temporary restraining order and for a preliminary injunction, the district court noted that, “[i]n considering whether the defendants’ request comports with the plaintiffs’ rights to free speech and assembly, the [c]ourt first examines the nature of the forum in which the plaintiffs seek to demonstrate.” 2007 WL 3124872, at *1 (citing Perry Educ. Ass’n v. Perry Local Educators’ Ass’n, 460 U.S. 37, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983)). After discussing the established categories of public fora, the district court concluded “that the 80-foot restriction [imposed by the City] satisfies the test for a limited public forum.” Id. at *3.
In her brief to this Court, plaintiff does not argue that the district court misapplied the applicable law. Upon de novo “[consideration of the relevant factors, ie., the [p]laza’s location, use, function, and purpose, together with the City’s intent in building the space,” Hotel Emps., 311 F.3d at 552, I find that evaluating plaintiffs claims in light of the principles applicable to a limited public forum was proper.
This case is further distinguishable from the scenario presented by Beckford. In Beckford we noted that we were “troubled” by the district court’s order because it invoked an “alternate ground,” ostensibly advanced by the defendants, but which we could not identify in the defendants’ memorandum of law. 234 F.3d at 129. Here, no such error undermines my confidence in the propriety of the district court’s order.
The district court’s determination that “there is no genuine issue of material fact as to whether Zalaski’s First Amendment rights were violated” was proper.[2] The circus was a large event, which required arena personnel and the Bridgeport Police Department to set up wooden sawhorses to form “chutes” in which patrons would line up to pass through security and enter the arena. Sawhorses were also placed between the entrance of each chute in a semi-circular arc, mirroring the front of the arena. Only ticket-holding patrons— including Zalaski herself — were permitted to enter these lines. Thus, the geographical restriction was not an arbitrary one; rather it was related to legitimate security measures in place at the arena. See Heffron v. Int’l Soc’y for Krishna Consciousness, Inc., 452 U.S. 640, 650-51, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981). As the Supreme Court’s precedent makes clear, “we simply do not view the question [of] whether the [80]-foot boundary line could be somewhat tighter as a question of constitutional dimension.” Burson v. Freeman, 504 U.S. 191, 210, 112 S.Ct. 1846, 119 L.Ed.2d 5 (1992) (internal quotation marks omitted). Therefore, any disagreement Zalaski may have as to where the barricades were placed does not create a disputed issue of material fact. See id.
The record reveals that the plaza at issue is intended to be, and is primarily used as, a means of entry and exit to the arena. And, while close to a pedestrian sidewalk, it is set off from the public sidewalk by landscaping, grass, and a private drive for patrons of the arena. Thus, the challenged restriction on where protestors may stand is “reasonable and viewpoint-neutral” and does not violate the First Amendment. Pleasant Grove City v. Summum, — U.S. -, 129 S.Ct. 1125, 1127, 172 L.Ed.2d 853 (2009).
I dissent because, in my view, there is no basis for vacating the judgment of the district court when a de novo review of the *346 record reveals that the grant of summary judgment was proper. In my view, there is no evidence in the record that would support a different result. See E.E.O.C. v. J.B. Hunt Transp., Inc., 321 F.3d 69, 73-74 (2d Cir.2003). Accordingly, for the reasons articulated above, I would affirm the judgment of the district court.

. The district court noted that between the time it issued an order denying plaintiff’s request for a temporary restraining order and for a preliminary injunction, and the issuance of its order granting summary judgment to defendants, "Zalaski [did] not present[] any further evidence suggesting that the plaza could be a public forum.” Nor did plaintiff seek further discovery, see Fed.R.Civ.P. 56(f), or argue that the district court improperly precluded her from submitting additional evidence. Of course, while the "moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact,” when the moving party meets that burden, the nonmoving party "must come forward with *344 specific evidence demonstrating the existence of a genuine dispute of material fact.” F.D.I.C. v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Gir.2010) (internal quotation marks omitted).

. Although the majority is "troubled” by the district court's failure to cite to "leading precedents on forum analysis” from this Court, Op. at 342, this omission does not render the district court's order flawed.