13-3100, 13-3272
FTC v. Western Union

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand fourteen.

PRESENT: DENNIS JACOBS,
CHRISTOPHER F. DRONEY,
            <u>Circuit Judges</u>,
LEWIS A. KAPLAN,
            <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - -X

FEDERAL TRADE COMMISSION,
       <u>Appellant and Cross-Appellee</u>,

       -v.-                                13-3100, 13-3272

THE WESTERN UNION COMPANY,
       <u>Appellee and Cross-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

---

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLANT FEDERAL
TRADE COMMISSION:**         BURKE W. KAPPLER (with Jonathan
E. Nuechterlein, David C. Shonka, John Daly, Leslie Rice Melman, Josephine Liu, Office of the General Counsel, Federal Trade Commission, and C. Steven Baker, Todd M. Kossow, Karen D. Dodge, Midwest Region, and Hugh Stevenson, Stacy Feuer, Laureen Kapin, Office of International Affairs, on the brief), Office of the General Counsel, Federal Trade Commission, Washington, D.C.

**FOR APPELLEE WESTERN
UNION:**                    CHARLES G. COLE (with Edward B. Schwartz, Kate M. Riggs, Steptoe & Johnson LLP, and David Fallek, Engelwood, Colorado, on the brief), Steptoe & Johnson LLP, Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **REVERSED in part and VACATED and REMANDED in part.**

The Federal Trade Commission ("FTC") appeals, and Western Union cross-appeals, from the judgment of the United States District Court for the Southern District of New York (Hellerstein, J.), granting, in part, and denying, in part, enforcement of a Civil Investigatory Demand ("CID") issued by the FTC to Western Union. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The FTC is authorized by Congress to regulate "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). Its mission is protecting and

assisting U.S. consumers.  In carrying out its mission, the FTC has authority to regulate "acts or practices involving foreign commerce that – (i) cause or are likely to cause conduct reasonably foreseeable injury within the United States; or (ii) involve material conduct occurring within the United States."  15 U.S.C. § 45(a)(4)(A).

The FTC has authority to issue a CID in connection with "any inquiry conducted by a Commission investigator for the purpose of ascertaining whether any person has been engaged in any unfair or deceptive acts or practices in or affecting commerce."  Id. § 57b-1(a)(1)-(2).  If the subject of a CID does not voluntarily turn over the requested material, the FTC may file a petition for enforcement with a district court.  Id. § 57b-1(e).

In compliance with the FTC's investigation into fraud-induced money transfers, Western Union has produced to the agency more than two dozen categories of documents.  Western Union objected, however, to the production of two document categories, which became the subject of the CID and this appeal and cross-appeal:  complaints of consumer fraud made outside the U.S.; and documents related to the work of a monitor appointed in connection with a settlement of an Arizona state investigation of cross-border third-party money laundering.  Specifically, the CID called for: (1) "all documents referring or relating to complaints by consumers worldwide relating to fraud-induced money transfers" and (2) "all documents referring or relating to communications with the Monitor, including, but not limited to, all information Western Union provided to the Monitor and, any reports, reviews or other documents prepared by the Monitor."

The FTC sought enforcement of the CID in the district court, which denied enforcement as to the foreign documents and granted enforcement as to the Monitor-related documents.

As to the foreign documents, a request for "documents referring or relating to complaints by consumers worldwide relating to fraud-induced money transfers" falls within the FTC's statutory authority because foreign complaints of fraud-induced money transfers are subject to Western Union's anti-fraud program, which is administered in the United

3

States.[1]  15 U.S.C. § 45(a)(4)(A)(ii).  And, if Western Union fails to respond to foreign complaints of fraud-induced transfers, it is "reasonably foreseeable" that unaddressed fraud will harm U.S. consumers.  Id. § 45(a)(4)(A)(i).[2]

As to the Monitor-related documents, the district court acknowledged that fraud and money laundering "may be different."  In particular, the transferor and the transferee in a money-laundering transaction are willing and informed.  The district court stated that the Monitor-

---

[1] This Court is not deciding whether the FTC has jurisdiction to commence an enforcement proceeding concerning wholly foreign transactions.  At the subpoena stage courts need not decide questions of the agency's jurisdiction; "rather the coverage determination should wait until an enforcement action is brought against the subpoenaed party."  United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 470 (2d Cir. 1996).  Currently, the FTC is acting pursuant to its investigative power, and we look only to determine whether the FTC has statutory authority for its investigation.

[2] Since the FTC relies on these provisions of the SAFE WEB Act as authority for the issuance of the CIDs, the Court does not address the question of whether the Commission has authority to issue the CIDs under other provisions of the FTC Act.  See, e.g., 15 U.S.C. § 57b-1(c)(1) (authorizing the issuance of CIDs "[w]henever the Commission has reason to believe that any person may be in possession, custody, or control of any documentary material or tangible things, or may have any information, relevant to unfair or deceptive acts or practices in or affecting commerce . . . or to antitrust violations); id. § 46(a) (granting the FTC the power to "gather and compile information concerning, and to investigate from time to time the organization, business, conduct, practices, and management of any person, partnership, or corporation engaged in or whose business affects commerce"); id. § 44 (defining "commerce" to mean "commerce among the several States or with foreign nations . . . or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation.").

4

related documents were relevant to the FTC's investigation nevertheless because both fraud and money laundering "have to do with money transferred from one place to another place due to the agency of a company like Western Union."

The district court's explanation of its decision with respect to the Monitor-related documents is "too spare to serve as a basis for our review." Beckford v. Portuondo, 234 F.3d 128, 130 (2d Cir. 2000). "[I]t is normally useful to have [the district court's] conclusions articulated" because "if the District Court does not enter an opinion analyzing the relevant precedents in light of the record, or merely enters skeletal conclusions of law, the reviewing court is deprived of . . . helpful guidance." Miranda v. Bennett, 322 F.3d 171, 175 (2d Cir. 2003) (internal quotation marks and alterations omitted). Accordingly, we remand "for further consideration and a complete and comprehensive decision." Beckford, 234 F.3d at 130.

On remand, the district court should make findings regarding how documents generated in connection with a monitorship imposed in settlement of a cross-border money-laundering investigation relates to Congress' grant of regulatory powers to the FTC.[3] Separate findings are needed as to what justifies the production of (i) the Monitor's reports, (ii) Western Union's exchanges with the Monitor, and (iii) Western Union's internal documents that "refer or relate" to the Monitor.

We remand in accordance with the procedures set forth in United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994). Either party may notify the Clerk of Court of a renewed appeal within fourteen days of the district court's decision and this panel will retain jurisdiction over any subsequent appeal.

---

[3] The district court should also determine whether Western Union's anti-money laundering initiatives have sufficient bearing upon consumer fraud detection to justify the burden of compliance.

5

For the foregoing reasons, we hereby **REVERSE** the judgment of the district court as to the foreign documents, and **VACATE** and **REMAND** as to the Monitor-related documents.

                         FOR THE COURT:
                         CATHERINE O'HAGAN WOLFE, CLERK